JOHN DAGGETT *vs.* ELISHA WHITE, trustee.

Norfolk.   Jan. 30. — Feb. 9, 1880.   MORTON & SOULE, JJ., absent.

If a testator devises property to A. in trust, and also appoints A. his executor, the two offices are distinct; and if A. refuses or neglects to qualify as trustee and give bond, another person may be appointed trustee.

APPEAL from a decree of the Probate Court, appointing Elisha White trustee under the will of Kinsley. Wilmarth. The record showed the following facts :

The testator, by his will which was duly proved and allowed on July 7, 1869, contained the following provisions : "After the payment of my just debts and expenses of the settlement of my estate, I dispose of the same as follows : 1. I give, bequeath, and devise to John Daggett of Attleboro', Esquire, all my estate of whatever name or nature, in trust for the sole use and benefit of Elizabeth N. Brayton, daughter of John W. Brayton, and who now resides with me, and to her heirs and assigns forever ; provided that, if she should not leave issue by marriage to inherit her estate, I give and devise the residue after her decease to Willard G. Brayton, (son of John W. Brayton,) his heirs and assigns forever. 2. I appoint John Daggett, aforesaid, executor of this will."

In December, 1878, on petition of Elizabeth N. Brayton and Elisha White, praying that White be appointed trustee under the will, the Probate Court passed the following decree: "It appearing by said will that said testator gave certain estate therein

described in trust for the use and benefit of Elizabeth N. Brayton, and that John Daggett of Attleboro' was named therein as trustee; and it now appearing that said John Daggett has failed to take upon himself said trust and give the bond by law required, and that said petitioners desire that said Elisha White of Attleboro' may be appointed in his place; and notice having been given to all parties interested therein, and no party appearing to object thereto; it is decreed that said Elisha White be appointed trustee, as aforesaid, he first giving bond with sufficient sureties for the due performance of said trust."

The appellant filed in the Probate Court the following reasons of appeal: " 1. Because, through some misapprehension, the appellant was prevented from having a hearing on his part at the time of passing said decree. 2. Because due notice was not given to all the parties interested in said decree and in the provisions of said will. 3. Because the Probate Court was not authorized to pass said decree at the time it was made. 4. Because the estate mentioned in said will, and assumed to be given in trust, is properly and legally in the hands and possession of said executor, in accordance with the provisions of the will, and by force and virtue of his appointment as such executor. 5. Because the appointment so made as above named would defeat the objects, provisos and intents of the testator, as contained in his will. 6. Because said appointment under said decree is not in accordance with the true construction of said will."

*Morton*, J., affirmed the decree of the Probate Court; and the appellant appealed to the full court.

*J. Daggett*, pro se.

*C. A. Mackintosh*, for the appellee, was not called upon.

ENDICOTT, J. By the terms of this will, the appellant is appointed executor, and no duties are imposed upon him as executor beyond the duty of paying debts and settling the estate. He is not appointed executor and as such executor required to act as trustee for any person; but, after his duties as executor are performed, the remainder of the estate is bequeathed and devised to him in trust for the use and benefit of certain parties named in the will. It therefore appears from the will that the testator intended to give a distinct and independent character to the trustee thus named, and to impose upon him duties and

powers in no manner connected with his duties as executor. *Attorney General* v. *Barbour*, 121 Mass. 568, 574, and cases cited. In *Prior* v. *Talbot*, 10 Cush. 1, the same person was appointed executor and trustee, but gave bond only as executor; and it was said that, if he wished to close his account as executor and open a new account as trustee, he must give bond in the capacity of trustee. See also *Dorr* v. *Wainwright*, 13 Pick. 328.

In the case at bar, it is to be presumed that the appellant had given bond as executor; but he has given no bond as trustee, and now contends that he is not required to give such a bond, that the two offices are merged in him, that there was no vacancy, and that the appointment of White as trustee was irregular and void.

We can have no doubt that the judge of probate had the power, and, on a proper and seasonable application, that it was his duty, to appoint a trustee under this will; and this is the only question before us. There is no report of the facts upon which we can determine that the power was not properly exercised in this case; but it sufficiently appears from the record that the will was admitted to probate in 1869, and that in 1878 the appellant had not taken upon himself the trust, or given bond as trustee, according to the provisions of law. Gen. Sts. c. 100, §§ 1–4. It is therefore to be assumed that the judge of probate found that the time had arrived for the appointment of a trustee; and that there was a necessity for the appointment of a person other than the appellant, either on the ground that the appellant refused to give bond as trustee, or, by reason of his neglect to give bond, could properly be considered to have declined the trust. § 4.                    *Decree affirmed.*