GEORGE M. BROOKS, Judge of Probate, *vs.* ELIZABETH C. RICE & others.

Middlesex.    Jan. 12. — Sept. 16, 1881.    FIELD, DEVENS & ALLEN, JJ., absent.

> An executor, who had given a bond to pay debts and legacies, under a will by which an annuity was bequeathed to A. for life, paid the annuity during his own life, and by his will directed his executor to dispose of so much of his real estate as might be necessary to meet his liabilities under the will of his testator, and to so invest the proceeds that the income might be necessary to meet those liabilities. B., his executor, sold real estate of his testator, assuming to act under this power, and took mortgages from the grantees, which he subsequently sold. He paid the annuity to A. for several years, until he became bankrupt, previously to which a surety on his bond as executor died, leaving a will, and his estate was fully settled before any default in paying the legacy to A. *Held*, in an action for the benefit of A., under the Gen. Sts. c. 101, §§ 31, 32, against the devisees under the will of the surety, that the first-named executor could properly create a trust in his will for the payment of the annuity to A.; that, in discharging the trust, B. was not acting as the executor of an executor, within the Gen. Sts. c. 93, § 9; that it might be inferred that B. created a trust fund; and that the action could be maintained.

CONTRACT under the Gen. Sts. c. 101, §§ 31, 32, for the benefit of Nathaniel Bemis, Jr., against the devisees under the will of George T. Rice, to enforce the liability of the latter upon a probate bond executed by George W. Richardson as principal and by George T. Rice and George Bowen as sureties, and conditioned for the faithful performance by Richardson of the duties of executor of the will of John H. Richardson. Writ dated July 18, 1879. At the trial, before *Endicott*, J., the following facts appeared:

John Richardson died in 1837, and his will, which was duly admitted to probate on June 27, 1837, contained the following provisions: " I give and bequeath to my granddaughter, Mary R. Bemis, the income of five thousand dollars, being three

hundred dollars yearly during her life, to be appropriated by my executor for her education and support. If she should ever be capable of managing property, the principal to be paid her, if not, at her decease, the income to be appropriated to her brother, Nathaniel Bemis, Jr., during his life." " And I further request my said executor to see this my last will carried into full effect."

By his will John Richardson appointed his son, John H. Richardson, to be his sole executor and residuary legatee, and John H. Richardson accepted said trust, and on June 27, 1837, gave bond with sureties to discharge said trust, and to pay debts and legacies. Mary R. Bemis never was capable of managing property, and died on July 12, 1844. John H. Richardson died on March 28, 1850, and his will, which was duly admitted to probate on April 9, 1850, contained the following provision: " Secondly. Whereas there are certain liabilities on account of my being executor of the last will and testament of my late loved and respected father John Richardson, my will is and I order my executors hereinafter named to dispose of as much of my real estate as may be necessary to meet said liabilities, and the proceeds of the sales to be invested in such a manner that the interest arising therefrom will meet the yearly sums and several amounts named by said last will and testament of my said father John Richardson."

John H. Richardson appointed George W. Richardson and Addison Gilmore executors of his will, and they gave separate bonds with sureties, as such executors, on April 9, 1850. Addison Gilmore is long since deceased, and George T. Rice, one of the sureties ou the bond of George W. Richardson, died on November 28, 1867, testate, leaving a widow, Elizabeth C. Rice, and, as his only heirs at law and next of kin, George T. Rice and Francis B. Rice, the defendants in this action. Administration was duly had upon the estate of George T. Rice, and said estate was fully settled before the plaintiff's right of action accrued. The defendants received from the estate of George T. Rice a large sum of money and a large amount of property under and by virtue of his will.

George W. Richardson, as executor of John H. Richardson, received a large amount of property, more than sufficient to pay

all debts, liabilities, legacies and charges against said John H. Richardson's estate. In 1850 and 1851, George W. Richardson and Addison Gilmore sold a large amount of the real estate of John H. Richardson, claiming in the deeds thereof to sell said real estate as executors of John H. Richardson's will and by virtue of the power contained in his will and recited in the provision thereof above mentioned; and, as executors of John H. Richardson's will, in 1850 and 1851, took, from the grantees of said real estate, mortgages of the same to themselves as executors of John H. Richardson's will; and, since 1851, George W. Richardson has sold and assigned said mortgages, the last assignment being in the year 1874.

Nathaniel Bemis, Jr. received three hundred dollars yearly, since the death of Mary R. Bemis, from John H. Richardson and George W. Richardson until May 1, 1878, at which time the last payment was made, and since May 1, 1878, he has received nothing; and George W. Richardson has failed, and neglected to pay him any part of said sum. George W. Richardson has been adjudged a bankrupt, and now is, and at the date of this writ and at the time of the default in the payment of said sum of three hundred dollars was, and ever since has been, out of the limits of the United States.

The judge reserved, for the consideration of the full court, the question whether, upon the facts stated, this action could be maintained. If it could, judgment was to be entered for the penal sum of the bond; if not, the plaintiff to become nonsuit.

*G. C. Travis*, (*G. H. Ball* with him,) for the plaintiff.

*S. Hoar*, for the defendants.

ENDICOTT, J. We are of opinion that this action can be maintained.

Under the will of John Richardson, who died in 1837, Nathaniel Bemis, Jr., for whose benefit this action is brought, became in 1844 entitled to receive during his life an annuity of $300. John H. Richardson, son of the testator, was made executor and residuary legatee, and gave bond in the usual form, with sureties, to faithfully discharge his trust and to pay all debts and legacies. All the estate of his father, both real and personal, thus passed to him, and he was bound to pay debts and legacies,

and to perform all the trusts and duties imposed on him by the will. *Clarke* v. *Tufts*, 5 Pick. 337. From 1844, and until his death in 1850, he paid this annuity to Bemis. He left a will, in which George W. Richardson and Addison Gilmore were appointed executors, and they gave separate bonds as executors with sureties.

The executors, by virtue of the authority given in his will, sold a large amount of the real estate, and took from the grantees mortgages of the same to themselves as executors. Gilmore died a long time ago, and these mortgages appear to have been held by the surviving executor; for the report states that since the "year 1851 the said George W. Richardson has sold and assigned said mortgages, the last assignment being in the year 1874." It is fairly to be inferred from the report that these mortgages constituted a trust fund, from the income of which the annuity was or should have been paid. The annuity was regularly paid till May 1878. George W. Richardson was adjudged a bankrupt in 1878, and is now residing beyond the limits of the United States. George T. Rice, one of the sureties on his bond as executor, died in 1867, leaving a will, and his estate was fully settled before the plaintiff's right of action accrued; and this action is brought against the defendants, who received a large amount of property under his will. Gen. Sts. *c.* 101, §§ 31, 32.

John H. Richardson, having given bond to pay debts and legacies under the will of John Richardson, and having received all the property as residuary legatee, became bound to pay the annuity to Bemis, which duty he performed during his lifetime. It was competent for him to create a trust in his own will, from the income of which this annuity should be paid after his death, and to designate in what manner the trust fund should be created or set apart. He could properly appoint his executors to administer such a trust. And we can see no reason why Bemis could not properly avail himself of such a trust, and receive the annuity under it. *Dorr* v. *Wainwright*, 13 Pick. 328. In *Watts* v. *Howard*, 7 Met. 478, 482, it was said by Chief Justice Shaw, "It has been repeatedly held, that in such case the character of executor includes the duties of trustee, and that his proceedings in both capacities come within the scope of his

executorship, and are embraced in the bond given by him as executor."

The executors created a trust fund, which was invested in the mortgages above referred to, which fund, or portions of the same, remained in the hands of the surviving executor till 1874, during which time and until May 1878 the annuity was regularly paid to Bemis. And it is to be presumed that this trust was established and executed with the knowledge and assent of the parties in interest. Nor does it appear that there was any breach of the executor's bond, to the knowledge of Bemis, so far as the payment of this annuity was concerned, until George W. Richardson failed to pay it in 1878. *Prescott* v. *Pitts*, 9 Mass. 376. There was no breach of the bond, therefore, in the lifetime of George T. Rice, on the ground that the executors failed to create a trust fund, as contended by the defendants. And the report expressly finds that the estate of Rice was fully settled before the plaintiff's right of action accrued.

The defendants also contend that, as "the executor of an executor shall not, as such, administer the estate of the first testator," (Gen. Sts. *c.* 93, § 9,) George W. Richardson could not, as executor of John H. Richardson, carry out any of the provisions of the will of John Richardson. But, as the case is presented, George W. Richardson simply executed the trust created by the will of John H. Richardson. We are not of opinion that the only remedy of Bemis is against the estate of John Richardson, as the defendants contend.

Judgment must therefore be entered for the penal sum of the bond. *Judgment accordingly.*