*J. A. Gillis*, for the plaintiff.

*W. H. Gove*, for the defendant.

---

MILON S. JENKINS *vs.* JOHN T. WOOD, executor.

Essex. Nov. 9, 1882. — Jan. 9, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

A creditor, who recovers a judgment against an executor, in an action upon a debt due from the testator, brought within the two years limited by the Gen. Sts. *c.* 97, § 5, is not entitled, the execution issued on the judgment not being satisfied, to bring an action upon the judgment after the expiration of the two years, although the bond given by the executor, who is also residuary legatee, is one conditioned to pay debts and legacies.

CONTRACT upon a judgment recovered by the plaintiff against the defendant, as the executor of the will of Abigail Barker, in an action on a debt due from her. Writ dated June 8, 1881. At the trial in the Superior Court, before *Pitman*, J., without a jury, the case was submitted upon agreed facts, in substance as follows:.

Abigail Barker died in August 1877, leaving a will, in which the defendant was named executor and residuary legatee. The will was duly proved, the defendant was appointed executor and gave a bond conditioned to pay all debts and legacies, and took the entire estate. The defendant duly published notice of his appointment, and no further proceedings were had in the Probate

Court. The estate of the testatrix at her decease consisted of certain land in Boxford, and bank stocks.

On December 28, 1878, the plaintiff brought an action against the defendant as executor to recover a debt due from the testatrix, and, at September term 1879 of the Superior Court, recovered judgment therein. Execution duly issued upon this judgment, and was placed in the hands of an officer, who made demand upon the defendant for sufficient goods or property of the testatrix to satisfy the same; and, the defendant refusing to satisfy said execution, it was in part satisfied by a sale of certain real estate of the testatrix, and so returned to court. Thereupon an action was brought by the plaintiff against the defendant, as executor, upon his bond, and judgment was rendered in favor of the plaintiff, and execution issued for the amount of the penal sum of the bond, which amount was paid and applied in part satisfaction of the original judgment. The present action was then brought, in which an attachment was made of certain personal property as the property of the testatrix in the hands of the defendant as executor; but there was no evidence offered, or admission made, that this was the property of the testatrix. The estate was never represented insolvent, and no insufficiency of assets was set up in the original action, but it was tried upon its merits.

More than two years elapsed after the defendant was appointed executor, filed his bond and published notice of his appointment, before the date of the writ in the present action.

Upon these facts, the judge found for the plaintiff, and ordered judgment accordingly; and the defendant alleged exceptions.

*C. G. Saunders*, for the defendant.

*W. S. Knox*, for the plaintiff.

DEVENS, J. It is contended that the special statute of limitations in favor of executors, by which it is provided that actions against them shall be brought by any creditor of the deceased within two years from the time of giving bond for the discharge of their trust, does not apply to this case. Gen. Sts. c. 97, § 5. But the plaintiff was not the less a "creditor of the deceased" because he had obtained a judgment against the defendant as executor. On such a judgment the execution to be issued was *de bonis testatoris* and not *de bonis propriis*, and

it is as such creditor that he has attached personal property claimed to be that formerly of Abigail Barker, the defendant's testatrix, although he has failed to offer any evidence that it was so. It was not intended that suits should be brought after two years, even upon judgments recovered in suits which had been begun before the expiration of that time. The language of the statute is general, and many of the reasons why a limitation of actions is desirable would apply to suits upon judgments recovered subsequently to the death of a testator, as well as upon previously existing causes of action. If the plaintiff failed to obtain satisfaction upon the execution which had issued upon his judgment, and if property of the testatrix existed upon which he had a right to levy, an ample remedy existed for him by *scire facias*, upon which a new execution could have been obtained. Gen. Sts. *c.* 133, §.17.

Nor does the fact that the bond given by the executor was not in the ordinary form, to account and faithfully administer, &c., but one to pay debts and legacies, entitle the plaintiff to maintain the action without regard to the statutory limitation. Gen. Sts. *c.* 93, §§ 3, 4.

The comprehensive words of the statute in prescribing the limitation, "no executor or administrator," include one who, being also residuary legatee, has given a bond to pay debts and legacies, as well as one who has given a bond in the ordinary form. *Troy National Bank* v. *Stanton*, 116 Mass. 435. *Thompson* v. *Brown*, 16 Mass. 172. *Holden* v. *Fletcher*, 6 Cush. 235.

The present action is not one against the executor personally, but against him as the representative of the estate of the testatrix. It is upon a judgment founded upon a contract made by her, and should a new judgment here be rendered, it must be like that which preceded it, *de bonis testatoris*. The questions whether the defendant became liable upon his promise for the debts of the deceased without regard to the amount of the assets, and whether the bond given by him, as well as any other remedies the creditor might have, are to be treated as simply collateral thereto, and whether such a liability (if it exists) must be enforced within the two years, are not now before us.

*Exceptions sustained.*