TRUSTEES OF AMHERST COLLEGE *vs.* JOHN M. SMITH
& others.

Franklin. Sept. 20, 1882. — April 2, 1883. FIELD, COLBURN & HOLMES,
JJ., absent.

If one of several executors of a will, who are also residuary devisees and legatees,
is a devisee of a parcel of land on the condition of his paying a certain legacy,
and accepts the devise, the giving of a bond by all the executors, conditioned
to pay debts and legacies, will not vest in him an absolute title to the land
so devised, which he can convey to a *bona fide* purchaser free of the lien for
the legacy; and such purchaser cannot maintain a bill in equity to compel
the legatee to seek payment of the legacy from the residuary estate, or from the
sureties on the bond, before proceeding against the land.

BILL IN EQUITY, against the executors of, and the legatees un-
der, the will of Austin Smith, alleging the following facts: Austin
Smith died on September 5, 1871, seised of a tract of pasture land
in Conway. He left a will, which was duly proved and allowed,
and by which he devised to his son, John M. Smith, one of the
defendants, said pasture land, "provided, and it is a condition
of this bequest, that the said John M. shall, at the expiration of
two years from my decease, pay to my granddaughter Mary B.
Smith, daughter of Elihu Smith, the sum of one thousand dollars;
and shall also pay to my son, Elihu Smith, the sum of four thou-
sand dollars, to be held by said Elihu in trust, as hereinafter
provided." The will also contained the following clause: "To
my son, Elihu Smith, I give and bequeath the sum of four thou-
sand dollars, to be paid to him by my son, John M. Smith, at
the expiration of three years from my decease; to have and to
hold the same until the expiration of eight years from my
decease in trust, for the following purposes: the yearly income,
until the expiration of the eight years aforesaid, to be divided
equally between my said sons, Elihu and John M., and the
principal (four thousand dollars) at the expiration of the said
eight years, to be paid over in equal portions, share and share
alike, to my grandchildren who may be then living, excepting
Mary B. Smith, daughter of Elihu Smith, whom I have other-
wise provided for. The foregoing legacies to my grandchildren,
including that to my granddaughter Mary B. Smith, are subject

to this condition, that in case any one of my said grandchildren shall die before arriving at the age of twenty-one years, his or her portion shall be divided equally among the survivors, share and share alike."

The defendants John M. Smith, N. A. Smith and Elihu Smith were made residuary devisees and legatees of the estate of the testator, and were appointed executors of his will. They accepted the trust, qualified as executors, and gave their joint and several bond, with sureties, to the judge of probate, conditioned to pay all the debts and legacies of the testator. John M. entered into possession of the land devised to him, and has ever since continued in the occupation of the same. On July 1, 1874, he mortgaged said land to the plaintiffs, with full covenants of warranty, to secure the payment of a sum of money lent to him by the plaintiffs. The mortgage debt and interest thereon are still unpaid. The plaintiffs made the loan in good faith, supposing that the same was rightfully obtained by John M. as such executor and devisee. The defendants have declared to the plaintiffs that the legacies so charged upon said land have never been paid by John M. to the legatees; that the executors have no funds to pay the same; and that the defendants intend to enforce the lien on said land for the legacies, as a lien thereon prior to the rights of the plaintiffs under their mortgage. The defendants, other than the executors, have brought a writ of entry against the plaintiffs to recover said land, although the plaintiffs have never entered and taken actual possession of the land under their mortgage. The land is not now of sufficient value to satisfy both the defendants' demand for the legacies and the plaintiffs' mortgage lien.

The prayer of the bill was that the legatees might be restrained from proceeding against said land for payment of their legacies until they had exhausted their remedies against the assets in the hands of John M. Smith, or their remedy on the probate bond, and for general relief. The defendants demurred for want of equity.

The case was heard on the bill and demurrer, by *W. Allen*, J., and reserved for the consideration of the full court.

*J. C. Hammond & J. I. Cooper*, for the plaintiffs.

*F. G. Fessenden*, for the defendants.

C. Allen, J. If it be assumed, as contended by the plaintiffs, that the sums of $1000 and $4000 directed to be paid to Mary B. Smith and Elihu Smith, trustee, respectively, are to be considered as legacies, which the executors would be bound to pay from the general estate of the testator, in case, for any reason, the same could not be realized from the land devised to John M. Smith, or from John M. Smith personally, still it by no means follows that the giving of the bond by the executors for the payment of all debts and legacies would have the effect to vest in John M. Smith an absolute title to the land, which he could convey to a *bona fide* purchaser, free and clear of the lien for the legacies. Such a bond is a substitute for the estate of the deceased, and conclusively admits assets sufficient to pay all debts and legacies which the executors are bound to pay. But if a testator expressly charges a legacy on a particular piece of land, which is specifically devised subject to the charge, or if he imposes on a particular devisee the personal duty of paying the legacy, as the condition on which he is to take a specific devise of land, in such case the giving of a bond by the executors with condition to pay all debts and legacies will not have the effect to discharge the lien on the land which is created directly by the will itself, or to supersede the duty of the devisee to pay the legacy. It is, at most, but a supplementary obligation and security. The burden and duty will still rest primarily on the estate devised, and on the devisee; and only secondarily on the general estate of the testator, and upon the sureties on the executors' bond. Nor is the case different where such devisee happens to be one of several executors. The burden and duty still rest on him in his capacity as devisee, and upon the particular estate which is devised to him. The liability of the executors as such, if it exists at all, is only secondary. The bond is not a substitute for the particular parcel of land devised, or for the personal duty of the devisee. Such a case is quite different from one where the legacies are payable only from the general estate of the testator, as in *Clarke* v. *Tufts*, 5 Pick. 336, 340.

In the present case, the land devised to John M. Smith on condition of his paying the sums in question became thereby charged with the payment of them. These sums being distinctly mentioned in the will, a purchaser of the land must see that the

purchase money is applied to their payment. 2 Sugd. Vend. (8th Am. ed.) 658. Lewin on Trusts (7th ed.) 413. 2 Story Eq. Jur. §§ 1127, 1132, 1133. *Andrews* v. *Sparhawk*, 13 Pick. 393. *Goodrich* v. *Proctor*, 1 Gray, 567, 570. *Leavitt* v. *Wooster*, 14 N. H. 550. *Hallett* v. *Hallett*, 2 Paige, 15. John M. Smith was also, by his acceptance of the devise, bound personally for their payment. *Loder* v. *Hatfield*, 71 N. Y. 92. *Birdsall* v. *Hewlett*, 1 Paige, 32. *Harris* v. *Fly*, 7 Paige, 421, 427. *Gardner* v. *Gardner*, 3 Mason, 178, 209. *Sands* v. *Champlin*, 1 Story, 376, 383. *Merrill* v. *Bickford*, 65 Maine, 118. *Corwine* v. *Corwine*, 9 C. E. Green, 579.

At the time the bond was given, the sureties knew, or must be deemed to have known, that the payment of these sums rested primarily on the land, and on the devisee thereof, and that the land could be followed into the hands of a purchaser. They had a right to assume that a purchaser would see to the proper application of the purchase money. So, on the other hand, at the time the plaintiffs took their mortgage, they must be deemed to have been aware of all these facts, and to have understood that the liability of the general estate of the testator, and the obligation of the sureties upon the bond, were at most but supplementary, and that the sureties, if compelled to pay these sums, would be subrogated to the right of the legatees to follow the land.

Under these circumstances, the plaintiffs have no equity to compel the legatees to seek payment from the residuary estate, or from the sureties on the bond, rather than from the land. It is, therefore, unnecessary to consider at all the important question whether these sums could in any event be deemed legacies, in such sense that they would be payable by the executors, and so be covered by the bond, in case the devised land and the personal responsibility of John M. Smith should prove insufficient for their payment. *Bill dismissed.*