## MILON S. JENKINS vs. JOHN T. WOOD.

Essex. Nov. 7, 1884. — Sept. 3, 1885. COLBURN, J., absent.

An executor, who is also residuary legatee, and who has given a bond to pay debts and legacies, cannot be sued personally, on a judgment recovered against him as executor, in an action by a creditor of the testator.

CONTRACT upon a judgment recovered by the plaintiff against the defendant, as executor of the will of Abigail Barker, in an action on a debt due from her. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows:

Abigail Barker died in August, 1877, leaving a will, in which the defendant was named as executor and residuary legatee. The will was duly proved, the defendant was appointed executor and gave a bond conditioned to pay all debts and legacies, and took the entire estate. The defendant duly published notice of his appointment, and no further proceedings were had in the Probate Court; the defendant filing no inventory and no account, and not representing the estate as insolvent.

The estate of the testatrix at her decease consisted of certain land in Boxford, and bank stocks.

On December 28, 1878, the plaintiff brought an action against the defendant as executor, to recover a debt due from the testatrix, and, at September term, 1879, of the Superior Court, recovered judgment therein. Execution duly issued upon this judgment, and was placed in the hands of an officer, who made demand upon the defendant for sufficient goods or property of the testatrix to satisfy the same; and, the defendant refusing to satisfy said execution, it was in part satisfied by a sale of certain real estate of the testatrix, and so returned to court.

Thereupon an action was brought by the plaintiff against the defendant, as executor, upon his bond, and judgment was rendered in favor of the plaintiff, and execution issued for the amount of the penal sum of the bond, which amount was paid and applied in part satisfaction of the original judgment. The present action was then brought. No insufficiency of assets was set up in the original action, but it was tried upon its merits. More than two years elapsed after the defendant was appointed

executor, filed his bond, and published notice of his appointment, before the date of the writ in the present action.

The defendant offers to prove, that, at the time he gave his bond, he was ignorant of the plaintiff's claim, and supposed that the estate of the testatrix was ample to pay all liabilities, when in fact the estate, with the plaintiff's claim allowed, was insolvent, and the plaintiff has already received a larger amount upon his claim than he would have received if the estate had been administered upon as an insolvent estate; that at the time of the trial of the original action the defendant had knowledge that the estate would be insolvent if the plaintiff prevailed in the action, but the defendant supposed that he had a good defence to the action and would prevail; and that the defendant has administered all the goods and effects of the testatrix which have come to his hands as executor, except as such administration may be modified by the foregoing facts. To this offer of proof the plaintiff objects, upon the ground that it is incompetent and immaterial for the defendant to prove the allegations in his offer, or either of them; but, if it is competent and material, the plaintiff admits said allegations to be true.

*W. S. Knox*, for the plaintiff.

*C. G. Saunders*, for the defendant.

W. ALLEN, J. It having been decided that the special statute of limitations is a bar to the action on the judgment against the executor, (*Jenkins* v. *Wood*, 134 Mass. 115,) the plaintiff now attempts to hold the defendant personally as the judgment debtor. It is argued that the bond given by the defendant to pay debts and legacies implies a promise to pay debts and legacies, and renders the defendant liable for them as debtor. But this is inconsistent with the liability of the defendant as executor. That he is so liable, and that the bond is collateral to that liability to secure its enforcement, is too obvious and well settled to be questioned. See *Jones* v. *Richardson*, 5 Met. 247; *Colwell* v. *Alger*, 5 Gray, 67; *Holden* v. *Fletcher*, 6 Cush. 235; *Troy National Bank* v. *Stanton*, 116 Mass. 435; *Jenkins* v. *Wood*, *ubi supra*.

The debt was due from the testator, and the statute prescribes the only mode in which the executor can be held personally liable for a debt of his testator. Pub. Sts. *c*. 166, §§ 5–10. The

St. of 1783, *c.* 32, § 9, provided, in relation to the estates of deceased persons, " that all writs of attachment and executions shall run only against the goods or estate of the party deceased, in the hands of executors or administrators," and that the proper goods or estate of an executor or administrator should not be attached " or taken in execution for the debts or legacies of the testator or intestate, but upon suggestion of waste, founded on a return made by the sheriff, that he could not find any goods or estate of the testator or intestate; in which case a writ, commonly called *scire facias*, shall be issued out of the clerk's office of the same court, against such executor or administrator, which writ, being duly served and returned, if the executor or administrator make default of appearance, or coming in, shall not show cause sufficient to the contrary, execution shall be adjudged and awarded against him of his own proper goods and estate, to the value of such waste, where it can be ascertained, otherways for the whole sum recovered; and for want of goods or estate, against the body of such executor or administrator." The reënactments of this statute down to the Public Statutes, though dividing it into separate sections and changing the phraseology, have not changed its meaning. This excludes the anomalous action of debt on a judgment against an executor or administrator on a suggestion of waste, which was sustained in England, but has never been adopted in this State. See *Wheatley* v. *Lane*, 1 Wms. Saund. 239 ; 3 Wms. on Exrs. (6th Am. ed.) 2097, *& seq.* The mode prescribed by the statute is the only mode in which an execution on a judgment against an executor for a debt of his testator can be issued against the executor personally. What will be evidence of waste to charge, under its provisions, an executor who has given bond to pay debts and legacies, is a question which does not arise in the case before us, and which we have not considered.

*Judgment for the defendant.*