BEULAH COLLINS *vs.* WILLIAM COLLINS, administrator.

Bristol.   Oct. 29, 1885. — Jan. 9, 1886.   FIELD & C. ALLEN, JJ., absent.

It is no defence to an action under the Pub. Sts. *c.* 136, § 19, against an administrator *de bonis non*, with the will annexed, that the original executor, who was also the residuary legatee, gave a bond to pay debts and legacies.

A testator by his will bequeathed $500 to his wife, "to be held in trust by her" for his granddaughter until the granddaughter should be fifteen years of age, then to be deposited in the bank for her by her guardian until she should be twenty-one years of age; the granddaughter "to have the interest thereof each year."  The will also gave the residue of the estate to the wife, and appointed her executrix.  The wife gave bond to pay debts and legacies, but gave no bond as trustee.  She, however, set apart $327.50, which would have amounted to $500 on the granddaughter arriving at the age of fifteen years, which sum she afterwards used for her own purposes, and died without paying the legacy.  An administrator *de bonis non*, with the will annexed, was appointed, who filed an account, which was allowed by the Probate Court, after notice by publication.  At this time the granddaughter was a minor, without a guardian, and had no personal notice of the filing of the account.  Many years afterwards, when the granddaughter was of age, she brought an action against the administrator *de bonis non* to recover the legacy and interest.  *Held*, that the action could be maintained.

CONTRACT against the administrator *de bonis non*, with the will annexed, of the estate of John Collins, to recover a legacy

given to the plaintiff in said will. Writ dated April 4, 1885. Trial in the Superior Court, before *Bacon,* J., who reported the case for the determination of this court, in substance as follows :

The will of John Collins, dated November 13, 1871, contained, among others, the following clauses :

" 9th. I give unto my said wife, to be held in trust by her for my granddaughter Beulah Collins, the sum of five hundred dollars, until my said granddaughter shall be fifteen years of age; then to be deposited in the bank for her by her guardian until she is twenty-one years of age; my said granddaughter to have the interest thereof each year."

" 11th. All the rest, residue, and remainder of my estate, of whatever name and wherever found, I give, devise, and bequeath to my said wife, Margaret Collins.

" 12th. I hereby nominate and appoint my beloved wife, Margaret Collins, to be sole executrix of this my last will and testament."

John Collins died on November 25, 1871. There being some contest over the probate of his will, one George W. Palmer was appointed, by the Probate Court, special administrator of the estate, on February 8, 1872. Palmer's account was allowed by the Probate Court on January 3, 1873. The will of John Collins was duly admitted to probate on February 2, 1872, and letters issued to Margaret Collins, the executrix therein named, on March 4, 1872; she giving a bond as residuary legatee to pay debts and legacies. The executrix filed no inventory of the estate, and no account in the Probate Court. She died on December 1, 1872.

On the death of Margaret Collins, the defendant was appointed administrator *de bonis non,* with the will annexed, of said estate, on January 3, 1873, and gave the usual bond, and filed an inventory of the estate. He also filed a first and final account as such administrator, which was allowed by the Probate Court after such publication of notice as was ordered by said court.* The plaintiff had no notice of this account other than

---

* The dates of the filing of this account and of its allowance do not appear in the papers in the case. The account was probably filed in 1874, as the administrator charges himself therein with rents received down to and including September 15, 1874.

by publication as aforesaid, and at the time had no guardian. There were no other proceedings on the part of the defendant in the Probate Court. Certain shares of stock referred to in the defendant's account were part of a special legacy in clause four of the will; and the other personal property was included in clauses two and eleven in said will. The real estate of the testator was all specifically devised.

On November 9, 1878, Clara C. Woodcock was appointed guardian of the plaintiff, who at this time was fifteen years old. The guardian at once made demand on the defendant for the plaintiff's legacy and the interest on the same; the defendant answered that " he knew she had not had her money and ought to have it, but he had turned the management of the estate over to one Hurley." When the plaintiff became of age, she made a demand on the defendant for the legacy and interest, and received an answer similar to that made by him, as above, to her guardian.

The plaintiff never has received from any one any of the principal or interest of the legacy.

The defendant offered to show, and it was admitted for the purposes of this trial to be a fact, if the evidence was competent, that Margaret Collins, before her death, at one time put apart the sum of $327.50, which would have amounted to $500 on the arrival of the plaintiff at the age of fifteen years, to meet the legacy of the plaintiff, but afterwards used said sum of money for her own purposes, before her death; that she never was appointed trustee of the plaintiff, and never acted as her trustee otherwise than to the extent of this act.

The plaintiff contended that the legacy gave to her the sum of $500 as a principal, carrying interest each year; but this the defendant controverted, contending that it was a legacy of such a sum as would amount to $500 when the plaintiff should be fifteen years of age, and carrying no interest until she reached such age.

The estate of the testator, John Collins, was solvent, and paid all debts and all legacies, except the one to the plaintiff. It was admitted to be a fact, if competent, the evidence being offered by the defendant, that in December, 1884, the plaintiff was authorized by the Probate Court to bring an action in the

Supreme Judicial Court upon the bond of Margaret Collins, executrix of the testator; but no suit was brought, and no proceedings were undertaken in pursuance of this decree.

Upon this evidence, the defendant asked the judge to rule that the plaintiff could not maintain her action, and that she could not recover interest, in any event, upon the legacy. The judge so ruled, and directed a verdict for the defendant. If the ruling was right, the verdict was to stand; otherwise, to be set aside, or amended accordingly.

*M. Reed*, for the plaintiff.

*J. M. Morton*, for the defendant.

HOLMES, J. This is an action under the Pub. Sts. *c.* 136, § 19, against the administrator *de bonis non*, with the will annexed, of John Collins, to recover a legacy of $500.

The first defence relied on is, that the executrix was residuary legatee and gave bond to pay debts and legacies, (Pub. Sts. *c.* 129, § 6,) and that by so doing she made the estate her own, so that it could not be followed into the defendant's hands by a legatee having no specific charge upon it.

The result of this contention, if correct, would seem to be, that no administrator *de bonis non* could be appointed in such cases, or, at least, that property not specifically bequeathed or charged would not come to his hands. But we are of opinion that it is not correct. It is true that the bond made the executrix personally liable upon it to the extent of its penalty, but that is not sufficient to exonerate the estate unless the statutes provide that it shall have that effect. We find no such provision. On the contrary, it is expressly provided in the Pub. Sts. *c.* 129, § 7, that the lien of creditors on the real estate shall be preserved, except on such part as shall be sold to a *bona fide* purchaser for value. And it is at least open to argument, that the words "and all estate not so sold may be taken on execution by a creditor not otherwise satisfied, in like manner as if a bond had been given in the other form," are not confined to real estate.

However this may be, the purpose of the section was to confirm the doctrine of *Gore* v. *Brazier*, 3 Mass. 523, 543, to the effect that "the lien on the testator's estate, real or personal, . . . . remains in full force, and the benefit to be derived by a creditor or legatee from the bond is merely cumulative." Or,

in the language of the Commissioners on the revision of the statutes in 1835, who introduced the section, "the whole estate of the deceased is put into his [the executor's] hands as the fund out of which the debts are to be paid." Commissioners' note to *c.* 63, § 20.

It is true that it had been decided before the Revised Statutes, that, when an executor had given bond to pay debts and legacies, the Probate Court could not grant a license to an administrator *de bonis non* to sell real estate for the payment of debts, at least as against a *bona fide* purchaser from the executor. *Thompson* v. *Brown*, 16 Mass. 172. See *Emerson* v. *Thompson*, 16 Mass. 429, 433 ; *Clarke* v. *Tufts*, 5 Pick. 337. But this exception is shown to be consistent with the principle quoted from *Gore* v. *Brazier*, by the fact that it also is adopted by the statute. And that principle is so fully recognized by the later decisions that it is only necessary to cite them. *Jenkins* v. *Wood, ante,* 66. *Jenkins* v. *Wood,* 134 Mass. 115, 117. *Troy National Bank* v. *Stanton,* 116 Mass. 435, 438. *Jones* v. *Richardson,* 5 Met. 247, 251. *Wyman* v. *Brigden,* 4 Mass. 150, 154. *Brooks* v. *Rice,* 131 Mass. 408, 412, *ad fin.*

The legacy was given to the testator's wife, who was also the executrix, as trustee, until the plaintiff should be fifteen. It is not necessary to consider whether the wife's duties as trustee were so far incident to her office as executrix that the defendant would succeed to them simply as administrator *de bonis non,* because the plaintiff is now of age and entitled to the sum outright, and is not seeking to enforce a trust, but to recover the sum from the estate, on the ground that no fund has ever been appropriated to the trust.

The defendant, however, contends further, that the executrix became liable at once as trustee on giving bond, and, even if that is not so, that she exonerated the estate and made herself trustee because she put apart the sum of $327.50, which would have amounted to $500 when the legatee arrived at fifteen, although she never was appointed trustee by the court, never gave bond nor did any other act as such, and although she afterwards used the sum for her own purposes.

We cannot agree to any of the propositions expressed or involved in this defence. It is true that giving bond made it the

executrix's duty to set apart a fund for the trust, but a duty to pay and payment are unfortunately not the same thing. We have already shown that the liability upon the bond was only cumulative. The act of appropriation relied on was not sufficient to discharge the executrix ·as such, or to cut down the right of the plaintiff to come upon the residue generally. It is settled that it would not have been enough if she had appropriated a specific fund to the trust in her own mind. *Miller* v. *Congdon,* 14 Gray, 114. We think that it does not alter the case that she put it into an envelope by itself, or otherwise physically separated it from the rest of the estate. It is commonly said that the executor must give a new bond as trustee before his liability as executor will terminate. *Prior* v. *Talbot,* 10 Cush. 1. *Daggett* v. *White,* 128 Mass. 398, 400. *White* v. *Ditson, ante,* 351. See Pub. Sts. *c.* 141, § 12. We do not see why this rule should not apply to this case, as well as to those where an executor gives bond in common form. At all events, the reasoning of *Miller* v. *Congdon* is not satisfied by acts which gave the plaintiff no greater protection than a mere mental determination. Finally, we do not think that the sum put apart was sufficient. The point was not argued, but we see no reason to doubt that the testator meant to give his granddaughter $500 with interest; not a sum which would amount to $500 when she was fifteen.

We believe that we have answered all the arguments addressed to us. We do not understand it to be disputed that assets came to the defendant's hands which would have been applicable to the plaintiff's claim according to the principles of this opinion. The action is not barred by lapse of time. Pub. Sts. *c.* 136, § 19. *Kent* v. *Dunham,* 106 Mass. 586, 591. *Brooks* v. *Lynde,* 7 Allen, 64, 66. Nor by the allowance of the defendant's account while the plaintiff was a minor, and without notice to her. Pub. Sts. *c.* 144, §§ 9, 13, 14. *Pinkerton* v. *Sargent,* 112 Mass. 110, 113, 114. See also *Cowdin* v. *Perry,* 11 Pick. 503, 511, 512. *Verdict set aside.*