## MILON S. JENKINS *vs.* JOHN T. WOOD, executor.

Essex.   Nov. 3, 1886. — March 23, 1887.   GARDNER, J., absent.

An executor, who was also the residuary legatee, gave a bond to pay debts and legacies. He took the entire estate into his hands and filed no inventory. The estate was sufficient to pay all debts except a claim of his own. After he had applied a portion of the assets to his own claim, he was sued as executor by a creditor of his testator, who recovered judgment, which was in part satisfied by the sale of real estate of the testator. He was then sued upon the bond, and paid the penal sum named therein in further satisfaction of the judgment. *Held*, that, under the Pub. Sts. *c.* 166, § 10, the creditor could maintain *scire facias* against him to recover the balance due.

SCIRE FACIAS against the executor of the will of Abigail Barker, deceased, to enforce the personal liability of the defendant, upon a suggestion of waste of said estate, under the provisions of the Pub. Sts. *c.* 166, § 10. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows :

Abigail Barker died in August, 1877, leaving a will, in which the defendant was named as executor and residuary legatee. The will was duly proved, the defendant was appointed executor, and gave a bond in the penal sum of $500, conditioned to pay all debts and legacies, and took the entire estate. The defendant duly published notice of his appointment, and no further proceedings were had in the .Probate Court ; the defendant filing no inventory and no account, and not representing the estate as insolvent. The estate of the testatrix at her decease consisted of certain lands in Boxford, and of bank stocks.

On December 28, 1878, the plaintiff brought an action against the defendant as executor, to recover a debt due from the testatrix, and, at September term, 1879, of the Superior Court, recovered judgment therein. Execution duly issued upon this judgment, and was placed in the hands of an officer, who made demand upon the defendant for sufficient goods or estate of the testatrix to satisfy the same ; and, the defendant refusing to satisfy said execution, or to exhibit any goods or estate of the testatrix to be taken upon the same, it was in part satisfied by a sale of certain real estate of the testatrix, and so returned to court.

Thereupon an action was brought by the plaintiff against the defendant, as executor, upon his bond, and judgment was rendered therein for the plaintiff, and execution issued for the amount of the penal sum of the bond, which amount was paid and applied in further part satisfaction of the original judgment and execution, leaving a balance due and remaining unsatisfied upon said execution, on May 27, 1881, of $609.63, which amount has never been paid.

No insufficiency of assets was set up in the original action, but it was tried upon its merits. The estate left by the testatrix was larger than the amount of the judgment recovered by the plaintiff. The first-mentioned action, in which the plaintiff recovered judgment against the defendant as executor, was founded upon a promissory note signed by the testatrix.

Soon after the defendant gave his bond and was appointed executor, in October, 1877, the plaintiff exhibited said note to the defendant, and demanded payment thereof.

The bank stock belonging to the testatrix at her decease consisted of eleven shares, and was worth about $1400, and was larger in value than the balance due the plaintiff upon his judgment and execution.

The defendant offers to prove that the testatrix, at her decease, was indebted to the defendant for care and support in the sum of $900, an amount which, together with the amount paid in the action upon the bond, was equal to the value of the bank stock ; that, at the time he gave his bond, he was ignorant of the plaintiff's claim, and supposed that the estate of the testatrix was ample to pay all liabilities; that, on February 28, 1878, and September 3, 1878, the defendant, as executor, transferred to himself in his individual capacity all of the bank stock, in payment of the indebtedness of the testatrix ; and that the bank stock and the land sold upon the plaintiff's execution were all the estate left by the testatrix.

To this offer of proof the plaintiff objects, upon the ground that it is incompetent and immaterial for the defendant to prove the allegations in his offer, or either of them ; but, if it is competent and material, the plaintiff admits, for the purposes of this case, that the defendant could prove the facts stated in his offer.

*W. S. Knox*, for the plaintiff.

*C. G. Saunders*, for the defendant.    By the will of Abigail Barker the defendant was named her executor, and residuary legatee of her estate ; the will was proved ; he accepted the trust, and gave a bond with condition to pay all debts and legacies, in accordance with the Pub. Sts. *c.* 129, § 6.    The plaintiff brought an action against him, in his capacity of executor, to recover a debt of the testatrix, obtained judgment, and took out execution *de bonis testatoris.*    The judgment was in part satisfied by a levy upon real estate left by the testatrix, and in part by the payment of a judgment amounting to the penal sum of the bond, recovered subsequently against the defendant in a suit on the bond.    The plaintiff then brought a new action upon the original judgment against the defendant as executor, to recover the balance unpaid, to which the latter pleaded the special statute of limitation of actions against executors, and the plea was sustained.    *Jenkins* v. *Wood,* 134 Mass. 115.    He then brought an action against the defendant personally, claiming that, by giving the bond in question, the defendant had rendered himself liable for the debts of the testator ; but this court held otherwise, and the defendant recovered judgment in that action.    *Jenkins* v. *Wood,* 140 Mass. 66.

The plaintiff has now sued out a *scire facias* to obtain judgment and execution against the defendant as for his own debt, under the Pub. Sts. *c.* 166, § 10.

The defendant has never promised to pay Mrs. Barker's debts ; the only promise on his part was to pay a penalty if he did not do so, and that penalty he has already paid.    The effect of the decision in 140 Mass. 66, is, that by giving a bond to pay the debts, and undertaking to administer the estate, without inventory and account, he did not personally assume the debts, or promise to pay them.    If he has not directly promised to pay the debts of another, nor entered into any relation from which the law will imply such a promise, how can he by any form of action be compelled to pay ?

The liability imposed by the statute now under consideration rests entirely upon the ground that the executor has wasted, that is, has misapplied, his testator's estate.    The term "waste" must at least mean that.    The Legislature in passing the statute

evidently had in view the case of administrators or executors who give the ordinary form of bond and file an inventory. An estate not having been declared insolvent, the presumption is that there are assets enough to pay all debts. Therefore the fact that an execution has not been satisfied is *prima facie* evidence of waste. But the defendant may always appear and show the contrary; and no judgment is awarded against him if he can prove that he has properly disposed of all the estate which has come into his hands. Even after waste has been established, judgment is not to be for the amount of the original judgment, but only for the amount of the waste, that is, the assets in the defendant's hands not accounted for, unless he fails to show what that amount is.

From the case of *Clarke* v. *Tufts*, 5 Pick. 337, 341, we may infer that this remedy does not apply to the case at bar. All the property both real and personal vests at once in the executor; the bond is the fund provided by the statute for the payment of the debts. The property having become the defendant's, he cannot be guilty of waste by applying it to his own purposes. It is only by virtue of the statute passed after the decision of that case, Rev. Sts. *c.* 63, § 4, enacted in the Gen. Sts. *c.* 93, § 4, and in the Pub. Sts. *c.* 129, § 7, that the lien of debts on the real estate is not discharged by the giving bond. The Probate Court has no jurisdiction of a petition for leave to sell such real estate for the payment of debts. *Batchelder* v. *Russell*, 10 N. H. 39.

Even if the remedy does apply to this class of cases, the defendant should be allowed to show that there has been no waste. The case of *Jenkins* v. *Wood*, *ubi supra*, has established the doctrine that the defendant has not made the debt his own beyond the amount of the bond; it is to be paid only from the estate of the testatrix. There can be no conclusive presumption of sufficient assets upon this issue.

It is true there are cases in which the court has held that, when executors have given bonds like the one in question, they cannot set up want of assets as a defence: *Jones* v. *Richardson*, 5 Met. 247, 252. *Colwell* v. *Alger*, 5 Gray, 67. These cases cannot apply when the issue is waste. The fact that a man is willing to bind himself to a certain penalty if he does not pay all

his testator's debts, while it may well be held to be a conclusive admission on his part of assets to the amount of the penalty, so far from being an admission that there is an indefinite amount of assets, is rather a presumption that he is unwilling to be held responsible for a larger amount.

There is no inherent difficulty, in trying the issue of waste in a case of this kind, sufficient to induce the court to rule that there must be a conclusive presumption of waste. The defendant can be cross-examined under oath as to the amount of the estate received by him, and his disposition of it. The question can be as conveniently tried as if he had given a bond in the ordinary form. Any evidence on this point is admissible, and that offered by the defendant, and admitted by the plaintiff to be true, meets this issue.

The real estate has been taken. As argued above, the giving the bond is only a presumption of assets to the amount of the bond. That amount has been paid by the defendant, and he has a right to apply to his own use at least so much of the estate as will reimburse him. There is no consideration to support the bond except the property which the court presumes that he has received. *Hancock* v. *Minot*, 8 Pick. 29, 37. The rest of the estate had been used by the defendant before the original judgment was obtained, to pay a just debt due himself from the testatrix. He had as good a right to pay his own debt as that of a third party. He could not declare the estate insolvent, nor surrender his bond. *Alger* v. *Colwell*, 2 Gray, 404.

To hold him liable for all the debts of his testatrix, however large they may be, and however much they may exceed the amount of the bond or the assets received, would be going beyond any of the cases heretofore decided. It is easy to conceive that cases might arise in which such a rule would work incalculable hardship and mischief. Suppose a man, not in any known business, to die, leaving no debts of which his family or friends had any knowledge, and it turns out after his residuary legatee has given a bond of this sort in a small penal sum, that the testator has indorsed to a very large amount the notes of an insolvent. If the doctrine contended for by the plaintiff is correct, the unfortunate executor might see his whole property confiscated to pay another's debts, and be absolutely remediless.

If the present statutes do not sufficiently protect the rights of creditors in the administration of estates, the remedy must be sought from the Legislature, and not from the courts. *Holden* v. *Fletcher*, 6 Cush. 235, 238.

C. ALLEN, J. The Pub. Sts. *c.* 166, § 10, provide that, in a proceeding like the present, " if the defendant does not appear and show sufficient cause to the contrary, he shall be deemed guilty of waste, and shall be personally liable for the amount thereof, when it can be ascertained, otherwise for the amount due on the original judgment." It is contended by the defendant, that the giving of the bond with condition to pay debts and legacies is not to be deemed a conclusive admission of sufficient assets, which imposes upon him a personal obligation to pay all debts and legacies, however large, from his own estate, after the assets of the testator's estate have been exhausted, and after the penal sum of the bond has been paid in full. The plaintiff maintains the contrary, and insists that it is so established by the authorities.

We do not find it necessary to determine whether this is now an open question, and whether, under any circumstances, an executor who has given such a bond can escape from an ultimate personal responsibility for his testator's debts. All that we need to consider is, whether he can maintain his defence against the claim of a creditor by showing that the assets in his hands were appropriated to discharge a just claim of his own against his testator. It appears, by the facts which the defendant offered to prove, that he had enough assets in his hands to satisfy the plaintiff's claim, if his own claim was left unprovided for. The deficiency of assets, upon the defendant's offer of proof, was not caused by any casualty, or accident, or loss by theft, fire, flood, earthquake, hostile invasion, or other act or circumstance beyond his control, and not to be guarded against or foreseen. He knew the amount of his own claim ; he also had all the knowledge in respect to others which he cared to have. Nobody misled or deceived him. He was content to take his chance. By a solemn and formal act, by which the rights of others were affected, he gave the bond with condition to pay all the debts that might exist against the testator's estate, and thereupon he took the whole estate into his own hands,

returning no inventory thereof. This course of conduct assumes the sufficiency of the assets for the debts; it was so understood by the court; and the defendant gained all the benefits which the statute allows in such cases. In point of fact, the assets were sufficient for the payment of all debts except his own. Under these circumstances, he cannot be allowed to set up his own claim to defeat the claims of others. He cannot be heard to aver or prove that the assets, though sufficient to pay all the other creditors in full, had been exhausted by reason of his having appropriated them to pay a claim of his own. He has undertaken to pay all the debts, be they more or less; and when this undertaking has been accepted and acted upon, he cannot escape merely by showing that he was not aware of the existence of a particular debt, and that therefore it should go unpaid, while his own claim is paid in full.

On the agreed facts, the judgment should be for the plaintiff, for the full amount of his debt and interest. See *Jones v. Richardson*, 5 Met. 247; *Colwell v. Alger*, 5 Gray, 67; *Troy National Bank v. Stanton*, 116 Mass. 435; *Brooks v. Rice*, 131 Mass. 408; *Amherst College v. Smith*, 134 Mass. 543; *Jenkins v. Wood*, 140 Mass. 66; *Collins v. Collins*, 140 Mass. 502.

*Judgment for the plaintiff.*