STIVER, TRUSTEE ET AL. *v.* STATE EX REL. KENT.

[No. 26,471. Filed May 1, 1936. Rehearing denied April 1, 1937.]

*Harmon & Wider,* for appellants.

*R. E. Procter, T. V. Harper* and *Roy Deahl,* for appellee.

TREANOR, J.—Relatrix brought an action for mandate to compel appellant Stiver to reinstate her as a teacher in the public schools of Clinton School Township, Elkhart County, claiming that she had an indefinite contract of employment arising under the terms of the Teacher Tenure Law[1] and had been discharged wrongfully and without just cause, pursuant to a pretended hearing held by the township trustee.

Appellee's complaint contained allegations to the

---

1. Acts 1927, ch. 97, p. 259.

effect that she had served under contract as a teacher in the school corporation of Clinton School Township for more than five successive years immediately prior to the school year 1929-1930 and that on September 2, 1929, she entered into a contract to serve as teacher therein for the school year 1929-1930; that not less than 30, nor more than 40, days before August 4, 1930, she was notified by the trustee of the township that on that date he would consider the cancellation of her contract, and, at her request, she was notified that the reasons for such consideration were: (1) Incompetency, (2) insubordination, (3) neglect of duty, (4) lack of co-operation, and (5) general public sentiment. She alleged in her complaint that on the day named a pretended hearing was held by the trustee and on August 6, 1930, the trustee did "unlawfully, unreasonably, arbitrarily, capriciously, corruptly, fraudulently, in bad faith and in abuse of his discretion, adjudge and decree that the said contract of the relatrix be cancelled because of the above reasons, and that the relatrix was dismissed as a teacher." She also alleged that she prayed an appeal from the decision of the trustee to the county superintendent of schools who "rendered a pretended decision to the effect that the indefinite contract of the relatrix was null and void," which decision was "unlawful, unreasonable, arbitrary, capricious, corrupt, fraudulent, and rendered in bad faith and in gross abuse of his discretion and in total disregard of the rights and privileges of the relatrix as a permanent teacher under the said Teachers' Tenure Law." She alleged that none of the causes, as prescribed by statute for cancellation of an indefinite contract with a permanent teacher, existed, and that the trustee and his successor, this appellant, had refused her demand to be allowed to retain her place as a teacher.

Appellants' demurrer to the complaint, on the ground

of insufficient facts, was overruled and an answer in general denial was filed. The cause was submitted to the court without a jury and the court found for and rendered judgment in favor of the plaintiff. Appellants' motion for new trial was overruled. Appellants assign as error the trial court's action in overruling (1) their demurrer and (2) their motion for new trial.

Appellants contend that it was error to overrule their demurrer, insisting that relatrix was not a tenure teacher for the following reasons:

(1) By making a new contract with the appellant school township for the year 1929-1930, which contract covered salary and term of employment and contained other provisions, relatrix's indefinite contract with appellant school township was ended and her tenure services were terminated and she could become a tenure teacher again only by teaching for five more years and entering into a contract for a sixth year.

(2) Prior to the time appellants' demurrer was filed the Teacher Tenure Law had been amended to omit township schools from the effect of its provisions; with the result that all previously acquired rights of tenure of township teachers had been destroyed.

Appellants' first proposition in support of their demurrer has been considered by this court and decided contrary to appellants' contention, in the case of *State ex rel. Black* v. *Board of School Commissioners* (1933), 205 Ind. 582, 187 N. E. 392. On the authority of that case we hold that the execution of a new contract for the year 1929-1930 between the relatrix and Clinton School Township did not terminate the tenure of relatrix. The legislative purpose in authorizing a new contract to be entered into by a tenure teacher and the employing school corporation was not to provide a means of terminating tenure, but to enable school

corporations and their tenure teachers to adjust the provisions of indefinite contracts to current needs.

In support of the second ground of demurrer appellants contend that §1 of ch. 116, Acts 1933, p. 716, destroyed the tenure rights of teachers who were employed in township school corporations and who had become permanent teachers under indefinite contracts prior to the date that ch. 116, Acts 1933, went into effect. By express declaration the Teacher Tenure Act of 1927 applied to teachers of all school corporations in Indiana. Section 1 of ch. 116, Acts 1933, amended §1 of ch. 97, Acts 1927, by omitting the words "any school corporation" and substituting "any school city corporation" and "any school town corporation." It was the evident purpose to exclude township school corporations from the operation of the tenure law from and after the date ch. 116, Acts 1933, became law. But there is no expression of an intention to destroy the tenure rights which had become vested prior to the enactment of ch. 116, Acts 1933; and if the contract of relatrix was cancelled without good and just cause prior to the enactment of ch. 116 she was entitled to reinstatement as of the date of the ineffectual cancellation. Whether her tenure rights were affected by the Act of 1933 is not involved in this case.

Appellants' further ground for demurrer is in substance that the complaint does not state facts sufficient to show that the cancellation of the contract of relatrix was illegal. The complaint, however, alleges that relatrix "was at no time guilty of incompetency, insubordination, neglect of duty, or immorality and that she at no time wilfully refused to obey the school law of this state or any reasonable rules prescribed for the government of the public schools of such corporation, and that there was at no time during the times herein complained of, a justifiable decrease in

the number of teaching positions in said corporation, and that there was no other good and just cause for the cancellation of the indefinite contract" of relatrix. The effect of those allegations was to negative the possibility that the contract of relatrix had been cancelled for cause; consequently the complaint sufficiently alleged that the contract was cancelled without cause. *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596.

The trial court did not err in overruling appellants' demurrer.

Actions for mandate involving decisions of administrative boards or officials are governed by the rule contained in the following statement of this court:

"In short, the courts will not correct errors of judgment made during a hearing by a board of safety in weighing evidence presented to support a 'cause' for dismissal of a policeman or fireman. But if the 'cause' assigned bears no reasonable relation to the accused's fitness or capacity to hold the position in question, or if there is no evidence to support a finding of 'cause' within the meaning of the statute as construed by this Court, or if the hearing, though regular in form, is in truth not a fair hearing, it is the plain duty of a court to declare void a dismissal under such circumstances, and to give relief in an action for mandate." *State ex rel. Felthoff* v. *Richards, supra* (p. 642).

So, where a permanent teacher's indefinite contract can be cancelled by the trustee only for cause, after a hearing, if requested, a court in an action for mandate may set aside such cancellation if it appears that the hearing, in fact, was not a fair hearing, or if there was no evidence to support a finding that a legal cause for cancellation existed. But it is true, as appellants insist, that in such action for mandate the trial court cannot control a school township trustee's exercise of discretion in reaching his decision, after a fair hearing, upon

evidence sufficient to constitute legal cause for cancellation.

A transcript of the evidence introduced upon the hearing before the trustee was received upon the trial of the action for mandate. The evidence which tended to establish a legal cause for cancellation of appellee's contract was as follows:

Clinton School Township had two schools, a north school known as the Clinton community school, and a south school or Millersburg school in which relatrix's husband was principal. Relatrix was employed by the trustee to teach music in the grades of the two schools, to teach dramatics and public speaking and to take care of plays. The time for work on plays and public speaking was to be taken out of some periods other than music periods, or was to be done after school. Relatrix was to teach music in the grades twice a week and at the time she was employed the trustee instructed her to spend two days a week at the north school and three days a week at the south school. The principal of the north school informed the trustee that relatrix spent but two half days a week at that school, and the trustee learned from three or four teachers that relatrix "went as long as from three to five weeks without any music at all in the grades." Relatrix told the trustee that she was coming in from the north school to assist the band director with orchestra at the south school. However, the trustee learned that she assisted the band director on only one occasion and that she took care of assembly at the south school "more than anything else." A teacher of the first and second grades at the south school during the school years 1927-1928 and 1928-1929 testified that at times relatrix came to her grades twice a week to teach music but that she did not come regularly, that during periods of two or three weeks she did not come at all and did not make up the work.

One of the causes specified for cancellation of the contract of relatrix was "insubordination." The term insubordination is defined in the Teacher Tenure Act as "a wilful refusal to obey the school laws of this state or reasonable rules prescribed for the government of the public schools of such corporation." The instructions given by the school trustee to relatrix constituted a reasonable rule for the "government of the public schools of" Clinton School Township. The relatrix did not obey this rule and there was substantial evidence to support a conclusion that her disobedience was wilful.

The hearing before the trustee was conducted in strict conformity with the procedural requirements of the Teacher Tenure Law and there was no evidence before the trial court from which it could be inferred that the heraing was not in fact, as well as in form, a fair one.

Since the hearing was a fair one and since there was substantial evidence presented at the hearing before the trustee to support a finding of insubordination, it was error for the trial court to set aside the order of cancellation and to mandate reinstatement of relatrix.

Judgment of the Elkhart Circuit Court is reversed with instructions to sustain appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.

### ON PETITION FOR REHEARING.

TREANOR, J.—Appellee urges that the evidence fails to establish any act of insubordination; and contends (1) that there was a lack of evidence to show the element of wilfulness and (2) that it was not shown that there existed any rule which had been prescribed for the government of the public schools of the township school corporation, and which had been violated by the appellee.

The statutory cause of insubordination requires a wilful act of disobedience of a reasonable rule. The element of wilfulness is satisfied by an intentional act. Reasonable rules for the government of the public schools clearly include rules for the organization and administration of the work of the various departments of the schools. If the trustee of Clinton School Township had issued a printed statement to the effect that music should be taught twice a week in the grades of the two schools of the township, and that the music teacher should spend two days a week in the "north school" and three days a week in the "south school" it could not be questioned that such statement would embody a rule for the conduct of the music work in the schools of the township. And such a rule would be a reasonable rule for the government of the public schools of the township. There was substantial evidence that the school township trustee had given instructions to the relatrix which embodied the substance of the foregoing assumed rule. We see no reason for changing our conclusion that such instructions constituted a reasonable rule for the government of the public schools of Clinton School Township. And there was substantial evidence to support the conclusion that relatrix wilfully refused to obey the instructions.

Appellant assumes that our holding in the instant case in respect to the effect of the 1933 amendment of the Tenure Act has been overruled by the recent cases of *School Corporation of Perry Township* v. *State ex rel. Sweeney* (1937), ante 70, 5 N. E. (2d) 630; *State of Indiana ex rel. Dorothy Anderson* v. *Harry Brand, Trustee, etc.* (1937), 5 N. E. (2d) 531; *State ex rel. Lock* v. *Craig School Township, etc.* (1937), post 703, 5 N. E. 632. But the facts in the instant case and the later cases do not present the same question. In the instant case the relatrix had been dismissed and had filed

suit for reinstatement prior to the effective date of the 1933 Amendment. And we held that the amendment did not destroy her right to be reinstated as of the date of cancellation of her, indefinite contract. We did not indicate any intention of holding that the tenure of relatrix would be protected by the provisions of the Tenure Act of 1927 after the effective date of the Amendment of 1933. Our position was that relatrix was entitled to continue to act as a teacher under her indefinite contract at least up to the time of the effective date of the Amendment of 1933, unless good and just cause existed for the cancellation of her contract. Relatrix's tenure rights under her indefinite contract included the right to be reinstated and this right became a vested and enforceable right if she was discharged without cause.

In the Anderson case and the cases resting thereon, the refusal of the school officials to continue teachers in their employment occurred after the effective date of the 1933 Amendment. The question of the right of the teachers to continue in the employment under their indefinite contracts up to and including the effective date of the amendment was not involved. Consequently, we see no necessary conflict between the holding in the instant case and the holding in the later cases in which it was held that the effect of the amendment was to put an end to all indefinite contracts which had been entered into in accordance with the Tenure Act of 1927 between township school corporations and teachers.

Petition for rehearing denied.