FREEMAN H. LOTHROP, Judge of Probate, *vs.* ELIZABETH G. PARKE, executrix, & others.

NORTH AVENUE SAVINGS BANK *vs.* ELIZABETH G. PARKE, executrix.

Barnstable. Suffolk. January 29, 1909. — May 20, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Executor and Administrator. Bond. Scire Facias. Agency. Words,* "Debts."

In R. L. c. 149, § 2, providing that the executor of a will, who also is the residuary legatee thereunder, may give a bond as therein provided " with condition to pay all debts and legacies of the testator," the word "debts" includes all enforceable claims, and makes the executor liable on his bond for the benefit of a savings bank, which has obtained a judgment against the executor on a claim founded on the fraud of the testator, who, while standing in a fiduciary relation to the bank, induced it to lend money upon security of little value.

On a writ of *scire facias* against an executor, who also was the residuary legatee of his testator, and under R. L. c. 149 gave a bond conditioned to pay all debts and legacies of the testator, in which the plaintiff makes a suggestion of waste under R. L. c. 172, § 8, and shows that he obtained a judgment against the defendant as executor on which an execution was returned unsatisfied, the defendant may defeat the action by showing that in fact there was no waste, and for that purpose he may show what the assets of the estate were and how they were used.

At the trial of a writ of *scire facias* against an executrix, it appeared that the defendant, who was the residuary legatee under the will of the testator, had given a bond to pay all debts and legacies, that the plaintiff had obtained a judgment against her as executrix on which an execution against her had been returned unsatisfied, and brought the writ upon a suggestion of waste, and that the defendant had filed an account by which it was shown that she had paid debts of the testator to an amount considerably larger than the amount of the assets of his estate. The defendant testified that she had no actual knowledge or notice of the plaintiff's claim until after all the assets had been paid to other creditors, nearly two years after the date of her appointment. There was testimony for the plaintiff that the defendant's son, who acted for her in some matters in the settlement of the estate, was shown the plaintiff's papers and was informed of the plaintiff's claim at a time which probably was before the payment of the claims of some of the other creditors. The defendant's son died before the trial. The plaintiff contended that the defendant should at least have declared the estate

insolvent, so that the plaintiff might receive his share. The judge, who heard the case without a jury, found as a fact that the defendant had no actual knowledge of the plaintiff's claim and had no notice of it, unless as matter of law the communication to her son constituted such notice. The judge ruled that the defendant might show that in fact there was no waste, and found that she had established the fact by her evidence. *Held*, that the judge was not bound to find as matter of law, either that the defendant's son was so far her general agent as to bind her in a special matter of this kind by his knowledge of the testator's liability to the plaintiff, or that the information given to him was so convincing as to be equivalent to knowledge; that the ruling of the judge that the defendant might show that there was no waste was correct, and that his finding that she had established the fact by her evidence was warranted.

TWO ACTIONS, the first on a probate bond given by the defendant Elizabeth G. Parke, as executrix and residuary legatee of the will of her late husband, George W. Parke, the other defendants being the sureties thereon, and the action being brought for the benefit of the plaintiff in the second action, and the second action being a writ of *scire facias*, brought to enforce against the defendant personally on a suggestion of waste a judgment obtained against her as executrix. Writs dated respectively October 31, 1907, and October 1, 1908.

In the Superior Court the cases were tried together before *Lawton,* J., without a jury. The facts are described in the opinion. It was conceded by the plaintiff that, if it recovered in the first action, the amount so recovered should be deducted from the amount which it would otherwise have recovered in the second action; but the plaintiff claimed the right to recover the full amount due under its execution in the second action if it did not recover anything in the first action.

In the action on the bond the judge found for the plaintiff for the penal sum and interest as against all the defendants.

In the *scire facias* case he ruled that, notwithstanding the form of the probate bond, the defendant might show that there had in fact been no waste, that the burden was on her to establish that fact, and that she had established it by her evidence; and further that the defendant was, notwithstanding the form of the bond, entitled to show by evidence the facts shown by her, and that such facts constituted a defense to this action.

The judge found for the defendant in the second action.

By agreement of the parties the judge reported the cases for determination by this court. If the rulings were correct, judg-

ment was to be entered in the first case for the plaintiff in the penal sum of the bond, $500, and execution was to issue for $500, with interest thereon from the date of the writ, and in the second case judgment was to be entered for the defendant; otherwise, such judgment or order was to be made in each case as the law and the facts required.

The cases were submitted on briefs.

*W. E. Hutchins & H. I. Cummings*, for the plaintiffs.

*H. T. Richardson*, for the defendants.

KNOWLTON, C. J.   The first of these cases is an action upon a probate bond to pay all debts and legacies of a testator, given by the principal defendant as residuary legatee with sureties, under the provisions of the R. L. c. 149, § 2.   The action is brought for the benefit of the plaintiff in the second action, who recovered judgment against the executrix, upon a claim founded on the fraud of the testator, whereby, while standing in a fiduciary relation to the plaintiff, he induced the plaintiff to lend money on what it supposed to be good security, when in fact the security was of little value.   An execution was issued upon the judgment and it was returned unsatisfied.   If this liability of the estate was a debt within the meaning of the statute, there is no defense to the action upon the bond.

It is rightly contended that, in the strict technical meaning of the word "debt," this claim was not a debt at the time of the death of the testator.   But the Superior Court held that it was a valid claim against him which survived his death and was enforceable against his estate.   See *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97; *Parker* v. *Simpson*, 180 Mass. 334; *Leggate* v. *Moulton*, 115 Mass. 552.   For the purposes of the present case the judgment must be held to have established conclusively the validity of the claim against the estate of the testator.   *Conant* v. *Stratton*, 107 Mass. 474.

The important question is what construction should be given to the word "debts" in this statute.   It is sometimes used in a very broad sense, such as to include all enforceable demands, and even moral obligations, although its ordinary meaning is narrower.   *Atlas Bank* v. *Nahant Bank*, 3 Met. 581.   *Cook* v. *Bartholomew*, 60 Conn. 24, 26.   *State* v. *Georgia Co.* 112 N. C. 34, 37.   *Scott* v. *Neeves*, 77 Wis. 305, 310.   *Baltimore* v. *Gill*,

31 Md. 375, 390. The purpose of this statute is, in proper
cases, to substitute the bond of the residuary legatee for the
assets of the estate as security to all persons who are entitled
to be paid out of the assets. If a bond is given no inventory or
account need be filed. The bond provides for the payment of
legacies as well as debts. The nature and purpose of the obli-
gation are well set forth in *Jones* v. *Richardson*, 5 Met. 247.
The legislative intent was to provide this mode of payment for
all who are entitled to be paid from the estate. On giving a
sufficient bond, the executor is not required to retain assets for
the payment of any claims. The word " debts " is equivalent to
valid claims which are payable by the executor from the prop-
erty of the deceased person. We are of opinion that the word,
as used in this section, includes all enforceable claims, and that
this judgment is covered by the bond. In this particular the
sureties are bound equally with the principal on the bond.
*Wood* v. *Barstow*, 10 Pick. 368. *McKim* v. *Haley*, 173 Mass.
112.

The second suit is by a writ of *scire facias*, brought under the
R. L. c. 172, § 8, because of a recovery of judgment against the
executrix and a return of the execution unsatisfied. These facts,
upon a suggestion by the judgment creditor that there has been
waste, impose upon the executrix a personal liability for the
amount of the judgment, unless she shows cause to the contrary
by proving that the suggestion of waste is incorrect. In the
present case the defendant has filed an inventory and an account,
by which it appears that she has paid debts of the testator to an
amount considerably larger than the amount of his assets. The
judge ruled that the defendant might show that in fact there
was no waste, and found that she had established the fact by
her evidence.

We are of opinion that the ruling was correct. While it is
said in many cases that the giving of a bond to pay all debts
and legacies is a conclusive admission of assets sufficient to pay
the debts (see *Jones* v. *Richardson*, 5 Met. 247, *National Bank
of Troy* v. *Stanton*, 116 Mass. 435, *Thayer* v. *Winchester*, 133
Mass. 447), this means conclusive as against a defense of no
assets, set up in a suit upon the bond, or in a suit against the
executor to recover a judgment against the estate, or in a suit

upon his independent personal promise to pay. It does not mean that, in a proceeding founded upon alleged waste of the estate which creates a liability under this section, the executor may not show what the assets of the estate were and how they were used. *Jenkins* v. *Wood*, 140 Mass. 66. *Jenkins* v. *Wood*, 134 Mass. 115. The giving of the bond does not create a liability on the part of the executrix to an action against her personally, except upon the bond, and it does not deprive her of the right to show that in fact there was no waste, if she is sued in *scire facias* under the R. L. c. 172, § 8.

The inventory and account, with the testimony of the defendant in support of them, show that the assets were properly administered. The case of *Jenkins* v. *Wood*, 144 Mass. 238, goes no further than to hold that it would not be proper administration for an executor, after giving such a bond, to use a part of the assets to pay his own personal debt and leave another debt unpaid. The only debatable question as to the suggestion of waste in the present case grows out of the testimony that the defendant's son, who acted for her in some matters in the settlement of the estate, was shown the plaintiff's papers and informed of the plaintiff's claim, at a time which was probably before the payment of some of the other creditors, and it is contended that the defendant should at least have declared the estate insolvent, so that the plaintiff might receive its share. The defendant testified, and there was no one to contradict her, that she had no actual knowledge or notice of the plaintiff's claim until after all the assets had been paid to other creditors, nearly two years after the date of her appointment. The son died before the trial. The judge found as a fact that she had no such knowledge or notice, unless, as matter of law, she was charged with notice from the facts stated in his report. These facts are the claim made upon her son, with an exhibition of the papers relied on by the plaintiff, and the relation of the son to the business of settling the estate. The evidence does not show that the judge was bound to find as matter of law, either that the defendant's son was so far her general agent as to bind her, in a special matter of this kind, by his knowledge of the testator's liability to the plaintiff, or that the information given him was so convincing as to be equivalent to knowledge. Perhaps the evidence would

have warranted a finding in favor of the plaintiff on both of these points.　But it is plain that the udge was not bound as matter of law to make such a finding.

Judgment is to be entered in favor of the plaintiff in the first case, and of the defendant in the second case, in accordance with the terms of the report.

*So ordered.*