JEFFERSON TRANSFER COMPANY, Appellant, vs. HULL, Secretary of State, and others, Respondents.

*December 4, 1917—January 5, 1918.*

*Garnishment: Salaries of state and municipal employees: Filing of judgment: Validity of statute: Bankruptcy: Liens, how far avoided: Provable debts: Judgment on tort claim: Discharge: Effect upon lien on salary.*

1. Sec. 3716a, Stats. 1915,—providing for the filing of judgments against officers or employees of the state or of any municipal corporation, and for the payment after thirty days to the owner of the judgment, by the disbursing officer of the state or municipality, of the salary or wages due at the time of filing the judgment or thereafter becoming due to such officer or employee, not exceeding the amount of the judgment and not including such sums as are by law exempt from garnishment,—is a valid law.   Difficulties in administering it are not a ground for holding it unconstitutional.   .

2. The right given by said sec. 3716a is a "lien obtained through legal proceedings" within the meaning of sec. 67 *f* of the federal bankruptcy act, and hence, so far as it affects wages or salary due at the time of the filing of a petition in bankruptcy by the judgment debtor, it is rendered "null and void;" but the judgment itself is not affected by said sec. 67 *f*, and the lien acquired by the judgment creditor under said sec. 3716a remains in full effect upon the salary accruing after the adjudication of bankruptcy, such salary being the property of the bankrupt and not a part of his estate which passes to the trustee in bankruptcy.

3. A tort claim which had been reduced to judgment prior to the commencement of bankruptcy proceedings is "a fixed liability . . . evidenced by a judgment . . . absolutely owing at the time of the filing of the petition," and is a provable debt, under sec. 63 of the bankruptcy act.

4. Where such a judgment is simply one for damages resulting from a negligent act which was not wilful or malicious, it will be discharged if the bankrupt be granted a discharge.

5. Where a judgment is discharged by a discharge in bankruptcy, a lien acquired by the judgment creditor under sec. 3716a, Stats. 1915, is discharged as to salary of the bankrupt falling due after the adjudication of bankruptcy.

ESCHWEILER, J., dissents.

APPEAL from an order of the circuit court for Dane county:
E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling plaintiff's de-
murrer to the defendant *Hull's* return to an alternative writ
of *mandamus.* The facts appearing from the petition and
return are these: Plaintiff is a domestic corporation and on
November 23, 1916, recovered judgment against the de-
fendant *Shealy* for $312.44 damages and costs upon a cause
of action for negligently running his automobile on the high-
way so that it collided with and seriously injured a taxicab
belonging to the plaintiff. The judgment is unpaid and un-
appealed from. *Mr. Shealy* was and still is a professor in
the University of Wisconsin (and hence an employee of the
state), receiving a compensation of $191.66 on the 8th day
of each month. On December 1, 1916, a certified copy of
this judgment was filed in the office of the secretary of state
pursuant to the provisions of sec. 3716a, Stats., which pro-
vides for the filing, within thirty days after their entry, of
judgments against officers or employees of the state or of any
municipal corporation, and for the payment after the expira-
tion of thirty days to the owner of the judgment, by the dis-
bursing officer of the state or of the municipal corporation,
of such sum as is then due or may thereafter become due to
such officer or employee as salary or wages, not exceeding the
amount of the judgment and not including such sums as are
exempt from garnishment. *Mr. Shealy* filed his voluntary
petition in bankruptcy on December 7th, and was adjudged
a bankrupt on the same day. Thereafter the respondent
*Porter* was appointed trustee in bankruptcy of *Shealy's*
estate, and brought a proceeding in the bankruptcy court to
compel the secretary of state and state treasurer to turn over
to him as trustee the amounts owing by the state to *Shealy*
for salary earned by him prior to December 7, 1916, and not
exempt from garnishment, to wit, the sum of $174.85. In
such proceeding answer was made by the state officers and

the matter was tried before the referee in bankruptcy, Mr. C. F. Lamb, and it was adjudged by him that said trustee has a right to have said last named sum paid to him.

This action of *mandamus* was brought January 22, 1917, to compel the secretary of state to pay to the plaintiff the amounts due to *Shealy* in December, 1916, and January, 1917. During the pendency of the action *Shealy* and the trustee in bankruptcy were made parties. The secretary of state made return to the writ, showing the facts as to the bankruptcy proceedings hereinbefore stated, and the plaintiff demurred to the return, but the court held that the return stated a good defense and overruled the demurrer.

For the appellant there were briefs by *Wm. R. Curkeet* and *W. L. Woodward* of Madison, and oral argument by *Mr. Curkeet.*

For the respondent *Hull* there was a brief by the *Attorney General* and *J. T. Dithmar,* assistant attorney general, and oral argument by *Mr. Dithmar.*

For the respondent *Shealy* there was a brief by *Sanborn & Blake* and *Wm. J. P. Aberg* of Madison, and oral argument by *Mr. Aberg.*

For the respondent *Porter* there was a brief by *Earl G. Lake* of Madison, and oral argument by *Mr. Lake* and *Mr. Philip H. Porter.*

A brief was also filed by *William Ryan,* city attorney of Madison, as *amicus curiæ.*

WINSLOW, C. J. Several questions are raised in this case which may be stated as follows: (1) Is sec. 3716*a*, Stats., a valid law? (2) If valid, what is the nature of the right which it gives, and is that right in the present case affected by sec. 67 *f* of the national bankruptcy law of 1898 (ch. 541), providing that all levies, judgments, and other liens obtained through judicial proceedings within · four months prior to the filing of the petition in bankruptcy shall

be deemed null and void? (3) Is the plaintiff's judgment a provable claim in the bankruptcy proceedings? (4) Is it a dischargeable claim? (5) If provable and dischargeable, what disposition should be made of the nonexempt portion of the defendant *Shealy's* salary falling due during the pendency of the bankruptcy proceedings and prior to the determination of the question of discharge? These questions will be taken up and answered in the order stated. The authorities are not in accord upon some of them, but we have adopted the principles which seem to us most logical and reasonable.

1. We entertain no doubt as to the validity of the statute in question. Its manifest purpose is to furnish to the creditors of an employee of the public a remedy practically equivalent to garnishment, it being the policy of the state not to subject the state or its municipalities to garnishee process. Sec. 2752, Stats.; *Burnham v. Fond du Lac,* 15 Wis. 193. The administration of the statute may be attended with some difficulties on the part of public officers, but this is no reason for holding it to be unconstitutional. Similar legislation has been sustained in other states. *Ruperich v. Baehr,* 142 Cal. 190, 75 Pac. 782; *Hanson v. Hodge,* 92 Wash. 425, 159 Pac. 388.

2. The right given by this statute is that of a lien on the fund, not ownership thereof. It is closely analogous to the right of a judgment creditor to goods of the debtor seized upon execution; in fact the proceeding may rightly be called an equitable execution. It is plainly a lien obtained through legal proceedings; hence, so far as it affects wages or salary due at the time of the filing of the petition in bankruptcy, it is rendered "null and void" by the express terms of sec. 67 *f* of the national bankruptcy act. The judgment itself is not affected by the section named, only the lien which has been created under it (1 Remington, Bankr. (2d ed.) § 682 and cases cited), hence the salary falling due afterwards is not a

part of the estate which passes to the trustee, but is the property of the bankrupt. 7 Corp. Jur. 115. Inasmuch as the provisions of the bankrupt law avoiding liens on property are only intended to facilitate the carrying out of the distribution of the estate of the bankrupt subject to its provisions, it seems clear that the only liens avoided are liens upon the estate which passes to the assignee. From this it follows logically that the lien in favor of the plaintiff given by sec. 3716a, Stats., upon the salary of *Shealy,* while avoided as to the salary earned on December 7, 1916, remains in full effect upon the salary accruing after the adjudication in bankruptcy.

3. The plaintiff's claim having been reduced to judgment prior to the commencement of the bankruptcy proceedings was a provable debt under sec. 63 of the bankrupt act, although it was a judgment for a tort. It is a fixed liability evidenced by a judgment absolutely owing at the time of the filing of the petition, and hence answers the calls of the first subdivision of the section last cited. 1 Remington, Bankr. (2d ed.) § 680 and cases cited; 7 Corp. Jur. p. 299, § 480.

4. Being a provable debt, it is dischargeable unless it comes within the exceptions named in sec. 17 of the bankrupt act, sub. (2), which excepts from the operation of a discharge liabilities for obtaining money under false pretenses or false representations, or wilful and malicious injuries to the person or property of another. The judgment in question was simply a judgment for damages resulting from a negligent act; it is not claimed or shown that the act was wilful or malicious, hence the debt will be discharged if the bankrupt be granted a discharge. 7 Corp. Jur. p. 398, § 708; 3 Remington, Bankr. (2d ed.) § 2740 and cases cited.

5. If the plaintiff's judgment be discharged by a discharge in bankruptcy, his lien on the salary falling due after the December instalment will necessarily be discharged. If the

bankrupt be refused a discharge, the plaintiff will be entitled to have enough reserved by the secretary of state out of the after-acquired earnings to pay any balance on his judgment not discharged by dividends in the bankruptcy proceedings. The secretary of state should for his own protection hold enough of the bankrupt's salary as it falls due to protect himself from liability until the question of discharge is finally determined.

*By the Court.*—Order affirmed. No costs to be taxed in favor of the secretary of state, the other two defendants to recover their disbursements and one bill of attorneys' fees to be divided equally between them.


ESCHWEILER, J. (*dissenting*). I cannot concur on certain of the points decided in the majority opinion.

It is there held that the lien obtained under sec. 3716*a*, Stats., is rendered null and void under sec. 67 *f* of the national bankruptcy act so far only as it affected the salary due at the time of filing the petition in bankruptcy.

Whatever right the plaintiff creditor obtained under sec. 3716*a* was obtained by legal proceedings within four months prior to bankruptcy and was not the subject of waiver or contract. Such right or interest, therefore, and the whole thereof, became null and void, and the property or interest, or whatever it might be that was affected thereby, was "wholly discharged and released" by virtue of said sec. 67 *f*. There is no provision in this section for any partial release, any more than there can be a separation of exempt and nonexempt property. *Chicago, B. & Q. R. Co. v. Hall,* 229 U. S. 511, 33 Sup. Ct. 885; *Globe B. & T. Co. v. Martin,* 236 U. S. 288, 35 Sup. Ct. 377; *People's Nat. Bank v. Maxson,* 168 Iowa, 318, 150 N. W. 601. It became so wholly discharged and released by virtue of a federal statute, and thereupon both the state officials and state courts must give up any control over the same. It cannot, therefore, be shifting from

federal to state courts, dead in one and practically alive in the other.

Again, it is held by the majority opinion that the defendants' tort liability, having developed into a judgment, thereupon becomes a provable debt in the bankruptcy proceedings under sec. 63 of the bankruptcy act. But a change in form by the rendition of the judgment does not alter the nature of the obligation. *Boynton v. Ball,* 121 U. S. 457, 466, 7 Sup. Ct. 981. The court may, and should, look behind the judgment to determine the nature of the obligation which has been reduced to judgment. *Wetmore v. Markoe,* 196 U. S. 68, 72, 25 Sup. Ct. 172; *Bever v. Swecker,* 138 Iowa, 721, 116 N. W. 704; 1 Loveland, Bankr. (ed. 1912) § 296, p. 613. A tort claim such as this was before judgment is not a provable debt. *Eberlein v. Fidelity & D. Co.* 164 Wis. 242, 245, 159 N. W. 553. I fail to find anything that indicates that its nature is changed by merely making it a judgment.

The word "debt" is the dominant feature of this sec. 63. 1 Loveland, Bankr. (ed. 1912) § 296, p. 614; Id. § 325, p. 669. Judgments only, therefore, which can be construed as debts, that is, founded upon a transaction involving a contract, express or implied, should be held within the contemplation of this sec. 63. Much seeming confusion appears in many of the authorities in determining whether or not the word "judgment" may mean the same as "debt," yet much of this apparent conflict arises from the difference in the situations and varied viewpoints as to the word "debt." Although it is sometimes said that a judgment establishes a legal obligation to pay the amount recovered, yet this is a mere fiction, which does not convert a transaction wanting the assent of parties, express or implied, into one which necessarily implies consent. *Louisiana v. Mayor, etc.* 109 U. S. 285, 288, 3 Sup. Ct. 211.

Such a judgment does not become a debt or contract for which directors of a corporation became liable under a stat-

ute charging them with its debts and contracts. *Savage v. Shaw,* 195 Mass. 571, 81 N. E. 303. Neither would it seem that a tort judgment can become such a debt that there then comes into existence, by reason of its being a judgment, a new contract, express or implied, for its payment by the debtor; for, were it a contract, then there could not be imprisonment upon execution therefor, as it has been so repeatedly held that there may be by this court in spite of sec. 16, art. I, Const., providing that "No person shall be imprisoned for debt arising out of or founded on a contract, expressed or implied."

In cases where, from the nature of the transaction, either an action on contract or an action for fraud may be brought, a judgment in form as though upon fraud may nevertheless be treated as from its contract side and therefore as a provable debt. *Kreitlein v. Ferger,* 238 U. S. 21, 35 Sup. Ct. 685; *Crawford v. Burke,* 195 U. S. 176, 25 Sup. Ct. 9; *Frederic L. Grant S. Co. v. W. M. Laird Co.* 212 U. S. 445, 29 Sup. Ct. 382. Just as such a judgment may be a debt against an estate. *Lothrop v. Parke,* 202 Mass. 104, 88 N. E. 666.

There is no apparent reason why the term "unliquidated claim," found in a further subdivision of sec. 63, might not as well be construed a claim for tort as the term "judgment" in the preceding subdivision, but a tort is never provable under the provision as to unliquidated claims. *Brown & Adams v. United B. Co.* 149 Fed. 48; *In re New York T. Co.* 166 Fed. 284.

Neither can I agree with the proposition that such judgment is dischargeable under sec. 17 of the bankruptcy act. To be discharged it must be both provable, that is, susceptible of being proved, and it must not be within the exceptions of that section. *Crawford v. Burke,* 195 U. S. 176, 186, 25 Sup. Ct. 9. So if it be not provable under sec. 63 the inquiry need go no further. Trouble arises from the fact that

in the specification of exceptions in sec. 17 there is mentioned, first, that the discharge is a release from all "provable debts" except, etc.; and secondly, that in the list of exceptions so mentioned are liabilities which are in the nature of torts without any element of contract, such as wilful and malicious injury to person or property, etc.

Attention to this difficulty of construing secs. 63 and 17 is called by the compilers of the U. S. Comp. Stats. 1916, vol. 9, p. 11611; and in Collier on Bankruptcy (11th ed. 1917), p. 427, where it is suggested that this negative provision in sec. 17 as to certain torts does not of itself make other torts provable debts within the scope of sec. 63. To the same effect is 1 Loveland on Bankruptcy (ed. 1912) § 296, p. 614.

In *Brown & Adams v. United B. Co.* 149 Fed. 48, this difficulty is fully dwelt upon and it was there held that in sec. 63 is found the controlling provision as to what are provable debts. This construction also apparently receives at least a negative indorsement from the definition given of provable debts in *Williams v. U. S. F. & G. Co.* 236 U. S. 549, 556, 35 Sup. Ct. 289, where it is said that such provable debts include all liabilities founded upon contract, express or implied.