## In re CUNNINGHAM.

(District Court, N. D. New York. October 28, 1918.)

1. BANKRUPTCY ⊜315(1) —CLAIMS—"NEGLIGENCE"—"WILLFUL NEGLIGENCE" —AVERMENT.

A judgment based on a complaint merely alleging "negligence" cannot be construed as one for willful or malicious injuries, for simple negligence is opposed to the idea of malice or willfulness, which presupposes a conscious purpose to injure.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence; Willful Negligence.]

2. BANKRUPTCY ⊜315(1)—"PROVABLE DEBT"—WHAT IS.

Under Bankruptcy Act, § 63 (Comp. St. 1916, § 9647), a judgment against the bankrupt, based on negligent injuries to the judgment creditor's property, is a "provable debt."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Provable Debt.]

3. BANKRUPTCY ⊜424—DISCHARGE—JUDGMENTS DISCHARGED.

The debt evidenced by a judgment against a bankrupt based on negligent injuries to the property of the judgment creditor is dischargeable in bankruptcy, not falling within the exception of Bankruptcy Act, § 17 (Comp. St. 1916, § 9601), because not a liability for willful and malicious injuries to person or property.

4. BANKRUPTCY ⊜217(3)—STAY OF PROCEEDINGS IN STATE COURT ON JUDGMENT—DISCHARGE.

Bankruptcy court will stay further proceedings in state court on judgment against bankrupt based on simple negligence, where such judgment was provable and debt evinced by it would be barred by discharge.

In Bankruptcy. In the matter of the bankruptcy of John R. Cunningham. On order to show cause, granted by the referee, to stay Virgil D. Selleck from taking further proceedings on a judgment obtained against the bankrupt, except to prove same. Injunction granted.

This matter is before me on an order to show cause, granted by a referee in bankruptcy, for the purpose of staying the plaintiff in a judgment for damages for the negligence of said bankrupt, obtained by him against the bankrupt prior to the filing of the petition in bankruptcy, from taking further proceedings on said judgment, except to prove same as a claim against the bankrupt estate. The bankrupt is threatened with arrest on an execution against the person issued at the instance of the plaintiff on such judgment.

Chambers & Finn, of Glens Falls, N. Y., for bankrupt.

H. Prior King, of Glens Falls, N. Y., for judgment creditor.

RAY, District Judge. John R. Cunningham was adjudicated a voluntary bankrupt on the 28th day of September, 1918.

June 17, 1918, Virgil D. Selleck obtained a judgment against the now bankrupt John R. Cunningham for $97.50 damages and $79.40 costs on a cause of action against him for the act of negligence of one Robert Cunningham, son of the now bankrupt, who was driving his automobile truck and acting as chauffeur for the now bankrupt. The pertinent allegations of the complaint on which the judgment was obtained are as follows:

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"That on the 19th day of November, 1917, at about 11 o'clock in the fore-noon, he was driving a Saxon automobile, then owned by him and used in conducting his professional business, and was duly licensed to run his said automobile, and was driving the same upon and along Bacon street, in said city of Glens Falls, N. Y., in an easterly direction, and was approaching Glen street in said city, under control and traveling not to exceed five miles per hour, which streets intersect at about right angles. That both Bacon and Glen streets are public streets of said city and much traveled by pe-destrians and vehicles of all kinds. That upon approaching Glen street, upon the right-hand side of Bacon street, he sounded his horn and made the turn into Glen street as near to the right-hand curb as practicable, having the right of way of all motor vehicles going south along Glen street.

"That the plaintiff had just completed the turn into Glen street, when his automobile, without warning, was hit from behind and on the left-hand side by an automobile truck owned by the defendant and driven by Robert Cunningham, his chauffeur, who was driving said car without a license, coming in a southerly direction along Glen street, and plaintiff's automo-bile was pushed and forced over and upon the curb and sidewalk by said auto truck, and the front wheels and gearing were smashed and destroy-ed, and many other parts of the plaintiff's automobile were injured, damaged, and destroyed.

"That the plaintiff's said automobile was damaged by the collision, and was hit with the defendant's automobile truck, by and through the careless-ness and negligence of the driver of said truck, not having a license, and by reason of his not giving to the plaintiff and his automobile the right of way in turning into Glen street, and by running into the plaintiff's automo-bile without warning.

"That the plaintiff's automobile was so damaged, and so many parts de-stroyed and broken, that it was totally useless to him, and he was prevented from using the same in his business for a long time thereafter.

"That the plaintiff has been damaged in the sum of $500 for the costs and expenses of procuring parts and repairing the said automobile and by being deprived of the use thereof in his business.

"That the plaintiff was free from contributory or any negligence whatever, and the whole damage to the said automobile was caused wholly by the carelessness and negligence of the defendant's said chauffeur as hereinbe-fore stated."

It is seen there is no allegation that there was any willfulness or malice, or that defendant's son intentionally or knowingly or willfully ran into or against the plaintiff's automobile. If defendant's son ran into Mr. Selleck's automobile knowingly, when he could have pre-vented it by due care, and did not exercise such care, or if he intend-ed to do what he did do, there being no compelling necessity, then the act was willful and malicious within the meaning of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 545). But this was not alleged, and we may assume was not proved, as it was unnecessary to a cause of action for negligence. There is no claim that proof of such acts was given on the trial. We may assume that defendant's son was driving this automobile truck; that he was driving it negligently, and negligently allowed it to run into or against the plaintiff's automobile, not—

"giving to the plaintiff and his automobile the right of way on turning into Glen street, and by running into the plaintiff's automobile without warning."

It seems that the defendant's son was driving the auto truck south along Glen street; that plaintiff, coming along Bacon street, which in-tersects that street at right angles, sounded his horn and turned into

Glen street ahead of defendant's truck, and kept his car in the proper position as near the right-hand side of Glen street as he could, and proceeded southerly; and that defendant's son carelessly and negligently allowed the truck he was driving to run into the plaintiff's car from the rear. It *might* have been done purposely and it *may* have been done purposely, and, if so, maliciously; but there is no allegation of purpose so to do, or of malice in so doing. There is no allegation defendant's son *believed* he would run into the plaintiff's car, or had reason to think he would. He was running the truck too rapidly, surely, for he overtook the plaintiff's automobile and ran into and damaged it. Careless driving, without malice and purpose or intent to do injury, or run into another car, would accomplish all this. Wanton and reckless conduct—that is, acts done with an utter disregard of the rights and safety of another or of his property—may constitute willful and malicious injury to the person or property of another. But we have no such allegation here, and no facts are stated in the complaint showing such conduct.

[1] 1. Negligent acts may do injury to the person or property of another. There are different degrees of negligence, and at least two kinds of negligence—mere negligence, for the consequence of which the negligent person is responsible, and for the consequence of which he must respond in damages; and "willful neglect," or "willful negligence," for the consequences of which the guilty person is responsible, and for the consequences of which he must respond in damages. But a charge of negligence merely does not imply or impart malice, or willfulness, or conscious *purpose* to do injury, or that there was "willful neglect," as defined in the law. A charge of willfulness is not maintained by proof of mere negligence. Girard Coal Co. v. Wiggins, 52 Ill. App. 69, 74. A person doing an affirmative act is usually conscious of the fact that he is doing the act, and if he omits to do an act which it is his duty to perform he is usually conscious of the omission; but this is far from showing knowledge that the act done or act omitted would result in damages or injury to another, and is far from showing conscious purpose or intent to do injury to the person or property of another. In 40 Cyc. 947, 948, the law is thus stated, citing numerous cases:

"Willfulness and negligence are, it has been said, the opposites of each other; the one signifying the presence of purpose, the other its absence. Nevertheless the term 'willful negligence,' or 'neglect,' has come to have a settled signification in the law, and has been defined as that degree of neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public, in the performance of which the public and the party injured had an interest. To constitute a willful injury, the act which produced it must have been intentional, or must have been done under such circumstances as to evince a reckless disregard for the safety of others, and a willingness to inflict the injury complained of."

In 40 Cyc. 947, "willfulness," in its application to negligence, is defined as:

"An entire absence of care for the life, the person, or the property of others, such as exhibits a *conscious* indifference to consequences."

Numerous cases are cited.

[2] 2. This judgment against Cunningham, the bankrupt, was a provable debt. Section 63 of Bankruptcy Act (Comp. St. 1916, § 9647), says:

"Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him."

This was a fixed liability, and evidenced by the judgment referred to, and was absolutely owing at the time the petition was filed.

[3, 4] 3. The bankrupt will be released from this debt evidenced by this judgment, if he is discharged in bankruptcy, as it is not within the exception of section 17 of the Bankruptcy Act (Comp. St. 1916, § 9601), not being a liability "for willful and malicious injuries to the person or property of another," viz. Selleck, and therefore this court may enjoin the judgment creditor from enforcing it against the bankrupt or his estate, except in the usual way, by proving and filing his claim; that is, may enjoin the plaintiff in that judgment and the sheriff from enforcing a body execution until the question of discharge is determined. We have already discussed the nature and character of the judgment and of the claim on which founded, and have arrived at the conclusion that the claim or liability was for simple negligence, and not "willful negligence," and not a liability for willful and malicious injuries to the property or person of Mr. Selleck, the judgment creditor.

This conclusion is also sustained by the following authorities:

In Matter of Grout, 33 Am. Bankr. Rep. 789, 88 Vt. 318, 92 Atl. 646, Ann. Cas. 1917A, 210, judgment by default was entered on a complaint charging that the defendant assaulted the plaintiff's wife by recklessly, carelessly, and negligently running into her and knocking her down; but there was no allegation that the act was intentional, willful, or malicious, and it was held that the claim on the judgment was barred by the discharge in bankruptcy. The allegation of the complaint was that, while the plaintiff's wife —

"was walking with due care and prudence on a sidewalk in a public street, the defendant recklessly, carelessly, and negligently ran into the said Lilla M. Nason and knocked her down."

The court said:

"These declarations allege that the defendant recklessly, carelessly and negligently ran into the plaintiff wife and knocked her down. There is no allegation that this was done intentionally, willfully, or maliciously. There is nothing in the nature of the violence alleged that indicates intention or malice. There is no allegation of accompanying language characterizing the act as malicious. The addition of the word 'recklessly' to the terms more commonly used does not change the nature of the allegation. The characterization of the defendant's acts is doubtless intensified, but it still remains a charge of negligence. In suffering a default, the defendant conceded nothing beyond this, and nothing more can be implied from the judgment.

"One can be liable in a civil action for direct violence to the person of another, without there having been malice, or intention to injure, or an intention to do the act which caused the injury. Judd v. Ballard, 66 Vt. 668, 30 Atl. 96."

In Matter of Madigan, 41 Am. Bankr. Rep. 770, 254 Fed. 221, it is held:

"A judgment of a state court for negligence due to the reckless driving of an automobile is a debt dischargeable in bankruptcy."

In Jefferson Transfer Co. v. Hull, 40 Am. Bankr. Rep. 844, 847, 166 Wis. 438, 442, 166 N. W. 1, 2, a judgment was obtained for damages—

"upon a cause of action for [defendant's] negligently running his automobile on the highway, so that it collided with and seriously injured a taxicab belonging to the plaintiff."

The defendant was subsequently discharged in bankruptcy, and it was held by the Supreme Court of the state of Wisconsin that the claim on the judgment was dischargeable and discharged. The court said:

"The plaintiff's claim, having been reduced to judgment prior to the commencement of the bankruptcy proceedings, was a provable debt under section 63 of the Bankruptcy Act, although it was a judgment for a tort; it is a fixed liability, evidenced by a judgment absolutely owing at the time of the filing of the petition, and hence answers the calls of the first subdivision of the section last cited. 1 Remington on Bankruptcy, § 680, and cases cited; 7 C. J. p. 299, § 480.

"IV. Being a provable debt, it is dischargeable unless it comes within the exceptions named in section 17 of the Bankruptcy Act, subd. 2, which excepts from the operation of a discharge liabilities for obtaining money under false pretenses or false representations, or willful and malicious injuries to the persons or property of another. The judgment in question was simply a judgment for damages resulting from a negligent act. It is not claimed or shown that the act was willful or malicious; hence the debt will be discharged if the bankrupt be granted a discharge. 7 C. J. p. 398, § 708; 3 Remington on Bankruptcy, § 2740, and cases cited."

So far as the Supreme Court of the United States has spoken on the subject, it leads to the conclusion that the act must be one which necessarily causes injury, and must be done intentionally, and done with a willful disregard of what the person doing the act knows to be his duty. Thus in Tinker v. Colwell, 193 U. S. 473, 487, 24 Sup. Ct. 505, 509 (48 L. Ed. 754), the court said:

"In United States v. Reed [C. C.], 86 Fed. Rep. 308, it was held that malice consisted in the willful doing of an act which the person doing it knows is liable to injure another, regardless of the consequences; and a malignant spirit or a specific intention to hurt a particular person is not an essential element. Upon that principle, we think a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception."

This was quoted and approved by the Supreme Court in McIntyre v. Kavanaugh, 242 U. S. 138, 141, 37 Sup. Ct. 38, 61 L. Ed. 205. The one case was dealing with criminal conversation with another man's wife, and the other with conversion of property. In Tinker v. Colwell, 193 U. S. at page 489, 24 Sup. Ct. 510 (48 L. Ed. 754), the court, speaking of negligent acts, said:

"It is not necessary, in the construction we give to the language of the exception in the statute, to hold that every willful act which is wrong implies

malice. One who negligently. drives through a crowded thoroughfare, and negligently runs over an individual, would not, as we suppose, be within the exception. True, he drives negligently, and that is a wrongful act; but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious."

This language plainly indicates the opinion of the Supreme Court on a state of facts such as we have here. In the instant case the defendant's son drove the auto truck negligently; but there is nothing to show that he drove it into Mr. Selleck's car intentionally, or that he purposed or intended to strike it at all, or was conscious in advance that he would run into it. This cannot be presumed, and there is nothing in the complaint in that action or in this record which would justify the inference, or a holding that the son of this bankrupt, in driving the car negligently, drove it against Mr. Selleck's car intentionally, or was conscious in advance of hitting it that the truck would collide therewith.

I think it clear that the judgment of Mr. Selleck against the bankrupt is a provable claim, and one from which a discharge in bankruptcy will be a release. Therefore the plaintiff should be enjoined from issuing or enforcing an execution against the person or property of the bankrupt pending his application for a discharge and until the determination of that question. If a discharge is applied for and granted, and Mr. Selleck is made a party to the bankruptcy proceedings, that is, if his judgment is duly scheduled by the bankrupt, whether Mr. Selleck proves his claim or not, and he is duly notified of all proceedings, and thereafter attempts to enforce his said judgment, the discharge can be set up and pleaded as a bar. It should be added that the allegation that Cunningham's son was driving the truck without a license was not an issue on the trial of the case, as it was withdrawn from the consideration of the jury, and a written stipulation to that effect has been filed in this court.

There will be an order for an injunction accordingly.