CHADEK, Trustee in bankruptcy, Appellant, vs. FOREST COUNTY, Respondent.

*October 15—November 10, 1931.*

*Raymond J. Rahr* of Green Bay, for the appellant.

*F. W. Horne,* district attorney of Forest county, for the respondent.

FAIRCHILD, J.    The propriety of bringing this action against the county does not appear to have been challenged. The practice has been in cases of this character to proceed by *mandamus* against the officers whose duty it is to carry out

the requirements of the statute. *Jefferson Transfer Co. v. Hull,* 166 Wis. 438, 166 N. W. 1.

The central question involved in this controversy, however, relates to the right of the trustee to recover the amount for which he brought the action. When the adjudication of bankruptcy occurred the county had in its possession the sum of $1,000, wages or salary earned during the months of July, August, September, and October, on which, however, there was a lien in favor of the Merchants and Farmers State Bank arising out of the proceedings outlined in the statement of facts. A certified copy of the judgment was, on March 3d of that year, more than four months prior to the adjudication of bankruptcy, pursuant to sec. 304.21, Stats., filed with the county clerk of Forest county.

The appellant's contention is that because the money was earned within four months preceding the bankruptcy there is no lien in favor of the bank and that any money paid by the county clerk to the bank under the circumstances was illegally paid. It seems to be settled in this state that the statute under which the bank filed its certified copy of the judgment and acquired a lien is valid. The purpose of the act is to furnish creditors of an employee of the public a remedy practically equivalent to garnishment. In the case of *Jefferson Transfer Co. v. Hull,* 166 Wis. 438, 166 N. W. 1, the proceedings under this statute were declared to be an equitable execution and that thereby a lien is obtained through legal proceedings on the moneys. In the case of *Straton v. New,* 283 U. S. 318, 51 Sup. Ct. 465, the doctrine is recognized that while the bankruptcy law contains no express provision for preserving liens acquired by legal proceedings more than four months before the petition is filed, it is clearly implied that they shall be saved from the operation of the law, for sec. 67 f voids only liens obtained by legal proceedings within the four-month period. It follows from this that those liens acquired through legal proceedings more than four months prior to the filing of the

petition, if valid under the state law, are preserved and "will be accorded priority by the bankruptcy court in the distribution of the estate in accordance with applicable local law." Mr. Chief Justice WINSLOW, in writing the opinion in *Jefferson Transfer Co. v. Hull, supra,* used this language:

"So far as it [the filing of the certified copy of the judgment] affects wages or salary due at the time of the filing of the petition in bankruptcy, it is rendered 'null and void' by the express terms of sec. 67 f of the National Bankruptcy Act."

The language there used referred to the facts involved in that case, which were as follows: An employee of the state receiving a compensation of $191.60 on the 8th of each month was subject to a judgment which was filed in the office of the secretary of state under this section of our statutes on December 1, 1916; shortly after and on the 7th day of December the employee was adjudged a bankrupt. Thereafter the trustee in bankruptcy brought a proceeding to compel the secretary of state and state treasurer to turn over to him as trustee the amounts owing by the state to this employee for salary earned prior to December 7th which were payable on the 8th of December. In that case the lien of course was acquired within four months and would not be effective against the bankruptcy proceedings. In the case at bar the lien on the earnings of this employee of the county of Forest was acquired more than four months preceding the bankruptcy and is therefore not affected by sec. 67 f of the Bankruptcy Act. This conclusion is supported by *Metcalf v. Barker,* 187 U. S. 165, 23 Sup. Ct. 67, where the court said at p. 172:

"Doubtless the lien created by a judgment creditors' bill is contingent in the sense that it might possibly be defeated by the event of the suit, but in itself, and so long as it exists, it is a charge, a specific lien, on the assets, not subject to being divested save by payment of the judgment sought to be collected."

Sec. 304.21, Stats., requires the proper officers to pay over to the judgment creditor moneys arising out of the employment and provides for such payment of money due or to become due the judgment debtor from the governmental unit after the filing of the judgment and until the judgment is paid. Since the amounts earned after the filing of the certified copy of the judgment were possibilities coupled with an interest, there being no public policy to interfere with the lien, it therefore follows that a lien existed against the fund in favor of the Merchants and Farmers Bank of Argonne and that the bankruptcy proceedings are subordinate to it.

*By the Court.*—Judgment affirmed.