298

ELLIOTT, Plaintiff, vs. REGAN and others, Defendants: E. F. WIECKERT LUMBER COMPANY, Appellant: ADAMS, Trustee in bankruptcy, Respondent. [Case No. 90.]

SAME vs. SAME. [Case No. 91.]

PASCHKE, Plaintiff, vs. SAME. [Case No. 92.]

QUINN, Plaintiff, vs. PASCHKE and others, Defendants: E. F. WIECKERT LUMBER COMPANY, Appellant: ADAMS, Trustee in bankruptcy, Respondent. [Case No. 93.]

*November 9—December 7, 1956.*

300

For the appellant there was a brief by *Drought, Grootemaat & Cook,* attorneys, and *Robert E. Hackett, Jr.,* of counsel, all of Milwaukee, and oral argument by *Robert E. Cook.*

For the respondent there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* and *David L. Fulton,* and oral argument by *Harry P. Hoeffel,* all of Appleton.

FAIRCHILD, C. J. The owner of a lien acquired on funds paid into the circuit court for Winnebago county under an order of that court insists that he is in the proper jurisdiction to establish and enforce his lien even if the debtor has become bankrupt. In support of his position he contends, and properly so, that a litigant who has begun his action in a court of competent jurisdiction is within his rights and does not have to yield his advantage. There is no dispute as to the facts involved in these appeals. They are set forth in the appellant's brief and conceded by respondent to be "accurately stated" and appear in the foregoing statement of facts.

The first question for decision is whether the filing of the judgment debtor Paschke's petition in bankruptcy and his adjudication a bankrupt operated to divest the circuit court for Winnebago county of jurisdiction to proceed with appellant's garnishment action to the final step of ordering appel-

lant's judgment paid out of the money paid into court by the garnishees.

We hold that the circuit court retains such jurisdiction.

The pertinent provision of the Bankruptcy Act is found in sec. 67 (a) (1) of the Bankruptcy Act as amended, Title 11 U. S. Code, sec. 107 (a) (1) :

"Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title."

It is well established that, in view of this provision, a lien against the property of the bankrupt obtained prior to four months before the filing of the petition in bankruptcy is not invalidated by the bankruptcy. It is also settled that the bankruptcy does not oust a state court in which an action to enforce such a lien is pending, and which has taken possession of the res, of jurisdiction to proceed with enforcement of the lien. *Metcalf v. Barker,* 187 U. S. 165, 174, 175, 23 Sup. Ct. 67, 47 L. Ed. 122; *Straton v. New,* 283 U. S. 318, 322, 323, 51 Sup. Ct. 465, 75 L. Ed. 1060; *Alexander v. Wald,* 231 Wis. 550, 553, 286 N. W. 6.

The existence of a lien and the time of its creation are to be determined by the law of the state. *Straton v. New, supra; Chadek v. Forest County,* 206 Wis. 85, 88, 238 N. W. 850; 1 Collier, Bankruptcy (14th ed.), pp. 294, 295, sec. 2; 4 Collier, Bankruptcy (14th ed.), pp. 108, 109, sec. 67.10.

Under the law of Wisconsin, the service of a summons and complaint in a garnishment action as required by ch. 267, Stats., creates an equitable lien on the indebtedness of the garnishee defendant to the principal defendant. *Bank of Commerce v. Elliott,* 109 Wis. 648, 658–662, 85 N. W. 417.

See also *Chadek v. Forest County, supra,* at pages 87 and 89; *Alexander v. Wald, supra; In re Snitzer* (7th Cir.), 62 Fed. (2d) 285, 288.

An equitable lien is a "lien" for purposes of sec. 67 (a) (1) of the Bankruptcy Act and the above-stated principles. *Metcalf v. Barker,* 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; *Alexander v. Wald, supra,* at page 553; 1 Collier, Bankruptcy (14th ed.), p. 297, sec. 2.63.

The equitable lien obtained by the institution of garnishment proceedings more than four months before the bankruptcy proceedings is none the less a "lien" within sec. 67 (a) (1) and therefore protected from the bankruptcy, although judgment is not rendered in either the garnishment action or the principal action, and the money is not paid into court, until a time within four months before the filing of the petition in bankruptcy. 4 Collier, Bankruptcy (14th ed.), p. 108, sec. 67.10, and see *Chadek v. Forest County, supra,* at page 89. The commencement of the garnishment proceeding by appropriate service of summons and complaint therein brings the fund in the hands of the garnishee under the jurisdiction of the court, as would the actual seizure of a tangible res. *Winner v. Hoyt,* 68 Wis. 278, 287, 32 N. W. 128.

It follows from the foregoing propositions that appellant obtained a lien on the fund in the Regans' hands when the garnishment action was commenced, that the lien was confirmed and adjudicated by the judgment of the circuit court rendered on April 28, 1955, and that, therefore, the jurisdiction of the circuit court to complete its enforcement was not divested by the bankruptcy, petition for which was filed on May 9, 1955. The circuit court was, therefore, within its jurisdiction and was correct in ordering the Regans to pay the amount of their indebtedness to Paschke into court on June 13, 1955.

The appellant has submitted his rights to a state court of general jurisdiction. Upon due consideration of the merits and the timeliness of the procedure, the res here in question is not an asset of the bankrupt estate.

It also follows that the owner of the lien was entitled to a ruling denying the petition of the trustee in bankruptcy that the money be turned over to him.

"A suit in equity, such as a foreclosure suit or other legal proceedings to enforce a lien which itself is not claimed to be in contravention of the peculiar provisions of the Bankruptcy Act nullifying liens obtained by legal proceedings, where such suit or other proceedings is instituted before the filing of the bankruptcy petition, is not abated and the state court retains jurisdiction. It is not to be transferred to the bankruptcy court simply because the bankruptcy of the mortgagor or debtor occurs within four months of the commencement of the foreclosure suit." 5 Remington, Bankruptcy (5th ed.), p. 144, sec. 2054.

The foregoing answers the next question as to whether the circuit court erred in declining to exercise its jurisdiction to complete the enforcement of appellant's lien by ordering the clerk to pay appellant's judgment.

The rule which may be based on the authorities referred to is that when a state court of competent jurisdiction has taken cognizance of an action to enforce the lien against the property of a debtor and the action is pending at the time of the debtor's adjudication of bankruptcy, the jurisdiction of the state court is not divested by the subsequent bankruptcy. 8 C. J. S., Bankruptcy, p. 930, sec. 261, reads:

"A state court having first acquired jurisdiction of the parties and property has *exclusive jurisdiction* to establish and enforce the claim or lien against such property." (Emphasis supplied.) See also 6 Am. Jur., Bankruptcy, p. 598, sec. 58.

The learned trial judge appears to have considered that since the fund in the hands of the clerk was larger than the

amount required to pay appellant's judgment, and that there might be a dispute as to whether interest on the judgment should be paid to appellant, and since unsecured creditors of the bankrupt would be interested in the balance, he should exercise a discretion to turn over the entire fund to the trustee in bankruptcy, and let appellant present its claim in the bankruptcy court. Thus the court did, as an exercise of discretion, that which no authority arbitrarily could have compelled it to do, without a waiver, at least, by the owner of the lien.

We are unable to agree with that result, and consider that the circuit court should have proceeded with the enforcement of appellant's lien to a conclusion. The lien and its incidents are fixed by law, and the circuit court is the proper forum for a determination.

A standard textbook in the field contains the following statement:

"Courts sometimes decline to exercise jurisdiction, even where they have prior custody of the res, considering that the ends of justice will be furthered by deferring to another tribunal. In the absence of objection, this is permissible. However, a litigant who has selected a particular tribunal and was within his rights in so doing is entitled to insist upon retention of jurisdiction by such court, if he wishes to do so." 5 Remington, Bankruptcy (5th ed.), p. 135, sec. 2047.

Under the circumstances of the case before us, we think the appellant cannot be forced to go to another court, perhaps at substantial inconvenience and expense, to obtain the relief which the circuit court for Winnebago county is peculiarly in position to grant with a minimum of expense and lost motion. Appellant had commenced its action in the circuit court, as it had a right to do, and the matter had been carried to the final step in that court. The rights of the parties had been adjudicated, the money necessary to pay appellant's

judgment had been reduced to possession, and nothing remained but to order its payment. Since appellant had a judgment, the matter of interest thereon was but a mathematical calculation. It is considered that in such a situation principles of comity or deference to the bankruptcy court do not warrant disregard of appellant's right to have relief granted by the court to which it had properly applied in the first instance and which had full power to enter a proper judgment.

That part of the order directing the clerk to pay the $8,957.46 to the trustee in bankruptcy must therefore be reversed, with instructions to direct the clerk of the court to pay appellant the amount due it on its judgment. That part of the order permitting the trustee to intervene for the purpose of the determination of questions involving the rights of the bankrupt estate is affirmed, with instructions that the trustee's rights to the possession of the funds in the hands of the clerk be limited to the balance, if any, remaining after appellant's lien has been satisfied.

*By the Court.*—Order reversed in part and affirmed in part. Cause remanded for further proceedings in accordance with this opinion.