In the Matter of Charles A. WOODMAN, Debtor.

Charles A. WOODMAN, Plaintiff,

v.

L. A. OLSON CO., INC., Defendant.

Bankruptcy No. 80–0145.

United States Bankruptcy Court, W. D. Wisconsin.

Feb. 10, 1981.

Kenneth J. Doran, Atty. at Law, Madison, Wis., for Charles A. Woodman, plaintiff.

James T. Hublou, Verona, Wis., for L. A. Olson Co., Inc., defendant.

ROBERT D. MARTIN, Bankruptcy Judge.

In 1980, L. A. Olson Co., Inc. enforced a judgment against Charles Woodman by six garnishments. The pertinent information regarding the garnishments is:

| No. | Date of Service | Amount | Employment Period | Paid Into Court | Received By Olson |
|-----|-----------------|--------|-------------------|-----------------|-------------------|
| 1 | 5/7 | $136.75 | 4/28–5/11 | 6/17 | 6/23 |
| 2 | 5/21 | 166.03 | 5/12–5/28 | 6/20 | 6/23 |
| 3 | 6/6 | 84.05 | 5/26–6/8 | 7/8 | 7/11 |
| 4 | 6/18 | 165.04 | 6/9 –6/22 | 7/21 | 7/28 |
| 5 | 7/7 | 166.53 | 6/30–7/13 | 7/29 | 8/4 |
| 6 | 7/30 | 44.43 | 7/21–8/3 | 9/3 | 9/9 |

Woodman filed a Chapter 7 petition on August 25, 1980, and has brought this adversary proceeding to recover the garnishments listed above claiming all are avoidable preferences under 11 U.S.C. § 547. The parties agreed that garnishments numbered 3 through 6 constituted preferences and limited the contest to the first two garnishments.

Woodman contends that the transfer effected by payments into court of funds caught by service of the garnishment summons are voidable and when voided permit recovery of the funds caught to the debtor. Olson contends that the transfer from Woodman was complete upon service of the garnishee summons and that the subsequent transfer by the employer to the court was not voidable.

The Bankruptcy Code treatment of voidable preferences is found at 11 U.S.C. § 547(b) which provides:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Initially there must be a transfer of "property of the debtor." 11 U.S.C. § 547(b). The wages which were garnished had been earned by the debtor and were, prior to service of the garnishee summons, the debtor's property. Woodman contends they retained the character of debtor's property until transferred by the employer to the court. No compelling authority for that position has been provided. Wis.Stats. § 812.18(1)(a) appears to support the contrary position providing in pertinent part:

From the time of the service of the summons and complaint upon the garnishee, the garnishee shall be liable to the plaintiff for the property and earnings then in his or her possession or under his or her control belonging to the defendant . . . .

Thus, if the transfer occurred at the time the summons and complaint were served, and prior to the ninety-day preference period, the requirements of 11 U.S.C. § 547 were not met and the garnishments are not avoidable as preferences.

To determine whether the transfer of the debtor's property was complete at the time of the serving of the summons and complaint, we must look to 11 U.S.C. § 547(e)(2)(A) which states:

For the purposes of this section, . . . a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time . . . .

The transfer is perfected "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B).

■ The Wisconsin Supreme Court has considered the timing of the transfer in garnishment and concluded:

Under the law of Wisconsin, the service of a summons and complaint in a garnishment action . . . creates an equitable lien on the indebtedness of the garnishee defendant to the principal defendant. *Elliott v. Regan*, 274 Wis. 298, 302, 79 N.W.2d 657 (1956).

Thus, a garnishing creditor's lien dates from the service of the garnishment summons and complaint. By its lien, the garnishing creditor would have rights superior to those that could be acquired by a creditor with a subsequent judicial lien based on a simple contract. Therefore the lien acquired by garnishment is perfected according to 11 U.S.C. § 547(e)(1)(B) at the time of service of the garnishment summons and complaint.

 The debtor has suggested that because the lien created by service of the garnishee summons is in the nature of a judicial lien which would be voidable if in existence on the date of the order for relief in this case by operation of 11 U.S.C. § 522(f)(1), it should be deemed ineffective as a transfer. We find no merit to this contention and no basis in reason or legislative history for giving the lien avoidance provisions of 11 U.S.C. § 522(f)(1) such retrospective effect.

On May 5 and May 21 when the garnishment summons and complaints were served, Olson acquired a perfected lien and the employer became liable to Olson. The employer thereby parted with "an interest in property of the debtor." Those transfers were more than ninety days prior to the debtor's order for relief in Bankruptcy on August 25, 1980.

 Woodman contends that even if the transfers on May 5 and May 21 are not voidable, subsequent transfers by the employer on June 17 and June 20, within ninety days of August 25, 1980, are voidable. Those transfers by payments from the employer to the court may be avoided under 11 U.S.C. § 547 only if they involve "property of the debtor." Once the garnishee employer became liable to turn the property of the debtor over to the court, the transfer of the debtor's property was complete and perfected and Woodman no longer had a legal interest in the property. Woodman retained only an equitable interest based on his right to defend the garnishment action by an answer filed within twenty days from the date of the service of the summons and complaint. Wis.Stats. § 812.15(1). The record does not show that Woodman filed a timely answer to the garnishment summons and complaint. His equitable interest in the property was, therefore, not preserved. When no interest of Woodman was preserved, the transfers from the garnishee to the court and from the court to Olson did not involve "property of the debtor," and cannot be avoided under 11 U.S.C. § 547.

Upon the foregoing which constitute my findings of fact and conclusions of law, I hereby

ORDER that the complaint as it deals with the first two garnishments which were commenced by service on May 5 and May 21, 1980, be and hereby is dismissed; and

FURTHER ORDER that debtor plaintiff may have judgment in his favor on the demands of the complaint as it deals with the remaining garnishments which are the subject of this action.