PRIELIPP, Appellant, vs. SAUK COUNTY and others, Respondents.

*March 7—April 3, 1934.*

For the appellant there was a brief by *Hill & Miller* of Baraboo, and oral argument by *J. H. Hill.*

*C. M. LaMar* of Baraboo, for the respondent Sauk County.

For the respondents Rowland, Morley, Berge, and Bump, there was a brief by *W. T. Jenks,* and for the respondent Stackhouse by *Grotophorst, Quale & Langer,* all of Baraboo, and oral argument by *Mr. Jenks* and *Mr. H. M. Langer.*

FOWLER, J.   This case involves two claims: (1) One by a deputy sheriff to recover from the county for board of prisoners under a claimed assignment of a contract between the sheriff and the county fixing the amount per week payable by the county to the sheriff, and (2) the other to recover mileage for travel in performing service for the sheriff as his deputy in connection with proceedings in courts.

(1) The attempted assignment of the contract was a palpable attempt by the sheriff to cut off the rights of the judgment creditors secured by the filing of certified copies of their judgments pursuant to sec. 304.21, Stats.   This statute provides for a practical garnishment of all funds not exempt under the exemption statute due or to become due to a county officer from the county by the filing of a certified copy of a judgment against him.   Money due or to become due to a sheriff for board of prisoners is not covered by the exemption statute.   The defendant judgment creditors were absolutely entitled under that statute and their compliance therewith to be paid in the order of the filing of the certified copies of their judgments all moneys then due or thereafter to become due to the sheriff from the county for board of prisoners until their claims should be satisfied. *Chadek v. Forest County,* 206 Wis. 85, 238 N. W. 850.

The contract itself is from its nature not assignable. The sheriff could assign moneys owing to him under the contract. But he could not assign his duty to feed the prisoners. That duty does not rest upon the contract, but upon sec. 59.23, Stats. Even if the duty rested upon the contract he could not assign it. 1 Williston, Contracts, §§ 411, 421; 5 C. J. p. 878. He could direct his deputy to perform any service connected with that duty, but the duty and responsibility for the performance of it would remain with him. Contracts may not be assigned unless the obligations thereunder pass to the obligor's personal representatives upon his death. 5 C. J. p. 877. The obligation of a sheriff to feed prisoners does not so pass. That a cause of action is not assignable unless it passes to the personal representatives of the person possessing it is so familiar as not to require citation of authorities in its support. With at least equal reason the rule applies to contracts. It is only rights under such contracts as here involved that pass to personal representatives. 1 Williston, Contracts, § 413. But the only right the sheriff had under his contract with the county was the right to compensation as fixed thereby, and this right if assigned was subject to the rights of the intervening creditors and answering assignees.

(2) Three separate itemized bills for mileage made in performing services in connection with court proceedings aggregating $48.10 were filed with the county clerk. They are fastened together. One of them is indorsed "Voucher No. 78, County of Sauk to E. C. Mueller, Wm. H. Prielipp. Claimed $48.10. Allowed $48.10." The other two itemized bills are not indorsed at all, and manifestly are included as part of "Voucher No. 78." Each of the itemized bills is headed: "Sauk County to Wm. H. Prielipp, Deputy Sheriff, Dr." Each is verified by the affidavit of E. C. Mueller (the sheriff), stating that it is true and correct and that no part of it has been paid. The committee of the

county board on sheriff's accounts reported on this claim as follows: "Your committee on sheriff's accounts, to which was referred the bill of William H. Prielipp, relating to expenses, beg leave to report that we had same under consideration and would recommend that voucher No. 78 in the amount of $48.10 be allowed at $48.10." A motion to the board that the report be adopted was carried. The amount was in fact paid to the attorneys for the judgment creditor who first filed with the clerk the certified copy of his judgment. The question here is whether the claim was payable to Prielipp or to the sheriff.

The claims filed show that mileage for travel is charged for at the rate of ten cents per mile. Sec. 59.28 (27), Stats., provides that the sheriff shall be allowed for "traveling to serve any criminal process for every mile actually traveled ten cents per mile." There is nothing in the evidence except the mileage and charge shown on the bills to indicate for what the charge was made. It is presumably referable to this statute. If so, the charge was payable to the sheriff as performed by him through his deputy. Sec. 59.31, Stats., provides that "all fees to which sheriffs or their deputies are entitled for attendance required by law upon any court of record shall be paid out of the treasury of the county wherein such services were rendered, . . ." This section, in our opinion, is intended to cover attendance of the sheriff and of deputies who may be required by law to be in attendance during sessions of the circuit court or other courts of record. Fees for travel in serving criminal processes do not fall under the classification of fees for attendance required by law upon the court. No statute is called to our attention and we know of none other than sec. 59.28 (27) that relates to payment of fees for travel.

*By the Court.*—The judgment of the circuit court is affirmed.