JOSEPH NOLL, Secretary Department of Industry, Labor and HumanRelations
You have requested my opinion on the proper interpretation of sec. 812.23, Stats., and have asked whether the wages of public employes are subject to a continuing garnishment under this section. This statute applies to the state and local units of government.
Although the answer is not entirely free from doubt, it is my opinion that the wages of public employes are subject to continuing garnishment until the amount demanded in the garnishee complaint, together with disbursements, has been paid.
Section 812.23 (4), (5) and (6) reads:
 (4) Within 20 days after service upon him, the department or the secretary or clerk of the garnishee shall answer the complaint by delivering or mailing to the court his certificate of the amount owed by the garnishee to the judgment debtor for earnings at the time of service; and his answer as to the amount owing is conclusive in the garnishment action.
 (5)(a) The judgment debtor shall receive the subsistence allowance specified in s. 812.18 (2) on the date his check or voucher is normally paid. The balance of the earnings due shall be delivered to the court until the amount demanded in the garnishee complaint, together with disbursements, has been paid into court, unless sooner terminated by order of the court.
 (b) The clerk shall hold the earnings paid into the court and disburse them as the court orders.
 (c) The earnings remaining in the custody of the court after the judgment is satisfied, shall be paid to the judgment debtor. *Page 367 
 (d) Other judgment creditors of the judgment debtor may intervene in the garnishment action.
 (6) A judgment under this section shall have precedence over an assignment by the debtor filed with the garnishee subsequent to the service of the garnishee summons.
Section 812.23 (4), Stats., provides that the garnishee's answer is required to specify the amount owed by the garnishee to the debtor at the time of service. On its face, this would appear to support the interpretation that the statute does not contemplate a continuing garnishment of the earnings of public employes, but merely contemplates the garnishment of those earnings owing at the time of service of the garnishee summons and complaint.
On the other hand, the language of sec. 812.23 (5), (6), Stats., appears to contemplate that the garnishment will continue in effect until the judgment has been paid in full.
Chapter 507, Laws of 1965, dealt with this subject. Section 267.22, Stats. (1945), was renumbered as sec. 267.23, Stats. (1965), and provided in relevant part as follows:
 (2)(a) The garnishee summons and complaint shall be served upon the garnishee by delivering a copy thereof to the department of administration if the state is garnishee; otherwise to its secretary or clerk.
. . . .
 (4) Within 20 days after such service upon him, said department or the secretary or clerk of the garnishee shall answer the complaint by delivering or mailing to the court his certificate of the amount owed by the garnishee to the judgment debtor for wages and salary at the time of such service; and his answer as to the amount owing shall be conclusive in the garnishment action.
 (5)(a) The regular checks or vouchers for the salary or wages of the judgment debtor shall issue and continue to issue in due course as though no garnishment action were pending, but they shall be delivered to the court until the amount demanded in the garnishee complaint, together with costs, has been paid into court, unless sooner terminated by order of the court. *Page 368 
 (b) The court may order such pay checks and vouchers cashed by its clerk and the proceeds held by him and disbursed as the court orders. The nonexempt portion of such proceeds shall be applied on the creditor's judgment.
 (c) The court may in a summary manner, upon the application of the judgment debtor and with reasonable notice to the creditor, determine the exemptions to which the debtor is entitled and the amount thereof shall be paid to him and credited to the garnishee.
 (d) Any proceeds of such checks and vouchers remaining in the custody of the court after the demands of such creditor as determined by the courts are satisfied shall be ordered paid to the judgment debtor.
 (e) Other judgment creditors of the judgment debtor may intervene in the garnishment action.
 (6) A judgment under this section shall have precedence over an assignment by the debtor filed with the garnishee subsequent to the service of the garnishee summons.
Chapter 127, Laws of 1969, repealed sec. 267.23 (5), Stats. (1967), and recreated it to read in its present form. This amendment deleted the language that the "regular checks or vouchers for the salary or wages of the judgment debtor shall issue and continue to issue in due course as though no garnishment action were pending."
In 1970 my predecessor issued an unpublished informal opinion concluding that the deletion of such language evinced a legislative intent to remove the continuing garnishment effect of the statute. The 1970 informal opinion concluded that sec. 267.23, Stats. (1969), garnisheed only the wages owing at the time of the service of the garnishee summons and complaint. I disagree with this unpublished opinion.
It is appropriate to look to the legislative history of the provisions of sec. 812.23, Stats., to attempt to resolve the apparent ambiguity in the current law.
Historically, for almost fifty-five years prior to the enactment of ch. 127, Laws of 1969 (which repealed sec. 267.23 (5), Stats. (1967), and recreated it to read as it does in present sec. 812.23 (5), *Page 369 
Stats.), the statutes provided for continuous garnishment of public officers or employes until the amounts claimed on the basis of the original judgment were paid. Chapter 360, Laws of 1915, initially created sec. 3716a, Stats. (1915), to provide, in part, that after exemptions authorized by law were determined, the proper governmental officials of the state, etc., would:
 [P]ay to the owner of such judgment such sum as at the time of filing such certified copy is due, or may thereafter become due from the state . . . not to exceed the amount of such judgment, and to deduct the sum so paid from the amount due to such officer or employe as salary or wages . . .
The purpose of the law was to furnish creditors of the public employe with a practical equivalent to garnishment and the law was interpreted as requiring that judgment creditors filing with the proper state and municipal officers, "be paid in the order of the filing of the certified copies of their judgments all moneys then due or thereafter to become due." Prielipp v. Sauk County,215 Wis. 16, 18, 254 N.W. 369 (1934) and Chadek v. Forest County,206 Wis. 85, 87, 238 N.W. 850 (1931).
It is of some importance to note that the provisions of sec. 267.23, Stats. (1965), quoted above, are essentially the same as those which had been created as part of sec. 267.22, Stats. (1945), by ch. 543, Laws of 1945. This 1945 enactment introduced at least one significant change in the garnishment of public employes, by changing the garnishment procedure so that the entire check for wages of the judgment debtor was forwarded to the court. Chapter 507, Laws of 1965, continued this change by providing that the wages "shall be delivered to the court until the amount demanded in the garnishee complaint, together with costs, has been paid into court, unless sooner terminated by order of the court." Sec. 267.23 (5) (a), Stats. (1965). The legislative purposes for such procedure was described in a note by the Joint Committee on Revisions, Repeals. and Uniform Laws, which introduced S. 403 (1945), the bill which ultimately resulted in the enactment of sec. 267.22, Stats. (1945):
 NOTE: This bill was prepared and is sponsored by the Advisory Committee on Rules of Pleading, Practice and Procedure. It is an attempt to provide a comprehensive method of reaching moneys due from the public to private debtors, and was *Page 370 
designed, among other things, to correct the unsatisfactory practice of quasi garnishment now embodied in section 304.21, which provides no judicial procedure for determining vexatious questions of law. Such questions involving exemptions, effect of bankruptcy and the like, must now be determined by the clerk of the municipality garnished, at his peril. The bill places the determination of these legal questions in the courts where they belong and relieves the municipality of all responsibility except certifying the amount due and paying the same into court when so ordered.
While the Laws of 1945 and 1965 thus placed the entire matter of the disposition of the employe's check in the hands of the court, it will be noted that the law continued to provide that the checks were to be forwarded until the entire amount demanded in the complaint, together with costs was paid. Likewise, while the law authorized other judgment creditors to intervene, there is no suggestion that such intervention would alter the long-standing legislative directive that judgments be taken "in turn." Therefore, the net effect of the 1945 and 1965 amendments was to shift responsibilities from the employing units to the courts for handling such garnishments, but the basic concepts remained unaltered.
Upon the repeal and recreation of sec. 267.23 (5), Stats., by ch. 127, Laws of 1969, the new statute provided that after determination of subsistence allowance specified by law, the balance of the earnings shall be "delivered to the court until the amount demanded in the garnishee complaint, together with disbursements, has been paid into court, unless sooner terminated by order of the court." It is evident that this statutory language remained virtually identical to the language which existed prior to the 1969 amendment. Actually, the only essential changes effected by the repeal and recreation of sec. 267.23 (5), Stats., by ch. 127, Laws of 1969, were to (1) terminate the need for delivering the entire salary or wages of the judgment debtor to the court and (2) to terminate the responsibility of the court to disburse both the exempt and nonexempt portions of each pay check to the debtor and creditor after it had determined the exemptions, and to shift that responsibility back to the employer.
I do not believe the deletion previously noted shows the legislative intent stated in the 1970 informal opinion. There was a very practical reason for that deletion which had nothing to do with limiting the *Page 371 
garnishment to the funds due the public employe at the time of the garnishment. Prior to the repeal and recreation of sec. 267.23 (5), Stats. (1967), such language was necessary to insure that the employer would continue to issue "[t]he regular checks or vouchers for the salary or wages of the judgment debtor . . . in due course as though no garnishment action were pending,"i.e., the regular checks would continue to be issued in their full amount despite the fact that part of the proceeds would ultimately be disbursed to the judgment debtor. Once sec. 267.23 (5), Stats., was recreated by ch. 127, Laws of 1969, the employer could no longer issue the employe's "regular checks . . . as though no garnishment action were pending," since the employer was now required to first ascertain and apply the appropriate exemptions, then pay the judgment debtor an amount which represented his subsistence allowance, and finally pay only the balance to the court. Clearly it was the new mechanics introduced by the statute which made the old language inappropriate and necessitated its deletion, rather than any legislative determination to alter the policy of continuous garnishment of public officials which the Legislature had favored uninterruptedly since 1915.
The evident purpose in a special law dealing with the garnishment of public officials such as sec. 812.23, Stats., and its predecessors is to make it easier for the creditor to get his judgment satisfied without repeated garnishments and to provide some administrative convenience in the handling of such garnishments. Thus, ch. 543, Laws of 1945, was referred to as an act "to simplify procedure and promote the speedy administration of justice." It is highly unlikely that the 1969 Legislature would have reversed such a procedure with so little hint of any intention of doing so, particularly when it retained the critical language which previously had been interpreted as supporting continuous garnishment of the public employe.
The Department of Administration has consistently interpreted former sec. 267.23 and now sec. 812.23, Stats., as providing for a continuing garnishment of a public employe's wages until the judgment giving rise to garnishment action was satisfied. The long-standing interpretation given to a statute by an agency charged with administering it without a change being made by the Legislature will be given great weight by the courts in construing a law. Dunphy Boat Corp. v. Wisconsin E. R. Board,267 Wis. 316, 64 N.W.2d 866 (1954). *Page 372 
I am aware of the argument that since a long-standing opinion of the Attorney General with legislative acquiescence will be accorded weight in construing a statute that, therefore the 1970 informal opinion should be the proper interpretation of sec. 812.23, Stats. But the 1970 opinion was not a published opinion and it is quite probable that neither the Legislature nor many governmental units or agencies were aware of it. Thus, the argument is not particularly persuasive in this case.
BCL:JCM:WHW